[No. 25669. Department One. October 18, 1935.]

THE STATE OF WASHINGTON, on the Relation of W. P. Leo, Respondent, v. THE CITY OF TACOMA et al., Appellants.[1]

*Howard Carothers, Hilton B. Gardner,* and *Bartlett Rummel,* for appellants.

*G. F. Vanderveer* and *L. B. Sulgrove,* for respondent.

BEALS, J.—W. P. Leo, who was for many years a captain in the Tacoma fire department, instituted this

[1]Reported in 49. P. (2d) 1113.

action against the city of Tacoma, its mayor and city controller, seeking a writ of mandate requiring the issuance and delivery to him of warrants for a balance which he alleged was due him on account of his salary as an officer of the fire department, pursuant to the provisions of an ordinance which had been by the city council passed and referred to the electors of the city for their consideration. This ordinance (No. 8677), which upon the council's reference was adopted by the voters, fixed Captain Leo's salary at $190 a month, at which rate he was paid until May 15, 1932.

By ordinance No. 10835, adopted May 4, 1932, the city council expressly repealed the ordinance above referred to, and readjusted the pay of members of the fire department, including that of Captain Leo, whose salary was fixed at $171, at which rate payment was made until December 31, 1932.

December 30, 1932, by ordinance No. 10893, ordinance No. 10835 was repealed, and Captain Leo's salary fixed at $150.50 per month. This last ordinance was later amended, but the amendment did not change Captain Leo's salary, which he received at the rate of $150.50 per month until May 7, 1934, when he voluntarily retired on pension.

May 1, 1934, at a special election, ordinance No. 8677 was repealed by the voters. By this action, plaintiff sought to compel the issuance to him of salary warrants in the sum of $783.87, less four per cent thereof to be paid to the pension fund, representing the difference between the salary which plaintiff would have received under ordinance No. 8677 and the amount which he actually received pursuant to the later ordinances above referred to.

To plaintiff's application for a writ of mandate, defendants made due return, setting forth the facts hereinabove stated and pleading payment of all sums due.

To the affirmative defenses contained in defendants' answer, plaintiff replied, and in due time the cause came on regularly to be heard before the court, the trial resulting in judgment in plaintiff's favor directing the issuance of a writ of mandate as prayed for. From this judgment, defendants have appealed.

The charter of the city of Tacoma, by § 12 thereof, fixes the salaries of elective officers and then provides that "all other officers, clerks, assistants and employes shall be paid such compensation as the council shall by ordinance fix." By § 25, the council is empowered to create any department, board or commission, office, position or employment which it may deem necessary or expedient in connection with the administration of the city's affairs, to fix the duties pertaining thereto and the salaries to be paid. By § 27, it is provided that the fixing of salaries of appointive officers, clerks, etc., shall be by ordinance, "which shall require a vote of at least four members for passage." Section 18 of the charter reads as follows:

"All the powers of the city shall be exercised by ordinance. All legislative powers shall, except as otherwise provided in this charter, be vested exclusively in a council, which shall consist of the Mayor (Commissioner of Public Welfare), the Commissioner of Public Utilities, the Commissioner of Public Works, the Commissioner of Public Finance and the Commissioner of Public Safety."

By § 23, it is provided that "every legislative act of the council shall be by ordinance."

Article XVII of the charter refers to the initiative and referendum. By § 113 (the first section of this article), it is provided that "any proposed ordinance may be submitted to the council by petition," to be signed by a specified number of voters. By § 117, it is provided that "any ordinance initiated or referred may be submitted to the qualified electors for their

approval or rejection,'' and, by § 118, it is provided that

'' . . . the council by its own motion may submit any proposed ordinance to the qualified electors for their approval or rejection in the same manner as provided for its submission upon petition.''

The foregoing provisions are taken from the charter adopted in 1927, but, in so far as material, the provisions of the charter in force for over fifteen years prior to that time are to the same effect.

Appellants argue that, while the city charter confers upon the people the power of direct legislation by initiative and referendum, this power is restricted to ordinances essentially legislative in their nature, as distinguished from ordinances exercising the executive or administrative authority of the city. In support of their contention, appellants cite § 23 of the charter, *supra,* wherein it is provided that every legislative act of the council shall be by ordinance, and subdivision (d) of the section, which provides that no ordinance shall take effect until the expiration of ten days after its publication, subject to the charter provisions concerning the exercise by the people of the right of referendum. The paragraph last referred to also exempts from the right of referendum ''ordinances containing a statement that a public emergency specified therein exists,'' and ordinances relating to certain other specified subjects.

In support of their contention that the right of the electors to legislate directly does not extend to administrative or executive matters, and particularly such ordinances as that here in question, appellants cite McQuillan's Municipal Corporations (2d ed.), § 366, and many other authorities.

Doubtless a distinction may be drawn between legislative ordinances, on the one hand, and those which

should be classed as executive or administrative, on the other, but, in so far as the question here presented is concerned, the matter is not now in this state open for discussion. A question very similar to that here presented was determined by this court in the case of *State ex rel. Knez v. Seattle,* 176 Wash. 283, 28 P. (2d) 1020, 33 P. (2d) 905, and the exact question now under discussion was considered and determined adversely to appellants' contention in the case of *State ex rel. Pike v. Bellingham,* 183 Wash. 439, 48 P. (2d) 602.

The charter of the city of Tacoma, in article XVII above referred to, establishing the initiative and referendum, provides, in the first place, that "any proposed ordinance may be submitted to the council by petition," and, by § 118, that the council may, by its own motion, "submit any proposed ordinance to the qualified electors for their approval or rejection."

The constitution of this state confers upon cities of the first class very broad powers in establishing and maintaining local self-government. The charter of the city of Tacoma, in establishing the initiative and referendum, vests in the electors of the city as wide authority as that vested in the electors of Bellingham by the charter of that municipality, which we considered in the case of *State ex rel. Pike v. Bellingham, supra.* We are satisfied with the conclusion therein reached, and are convinced that the same rule should be applied here.

Other questions presented by the record now before us have been determined adversely to appellants' contention by the two cases above cited, and, upon the authority of these cases, the judgment appealed from is affirmed.

STEINERT, GERAGHTY, and MAIN, JJ., concur.

TOLMAN, J., dissents.