[No. 28934. Department Two. March 8, 1943.]

THE STATE OF WASHINGTON, *on the Relation of W. P. Payne, Appellant,* v. THE CITY OF SPOKANE *et al., Respondents.*[1]

*Witherspoon, Witherspoon & Kelley,* for appellant.

*G. M. Ferris, B. A. Farley,* and *Paul F. Schiffner,* for respondents.

BLAKE, J.—This is an appeal from a judgment dismissing an application for a writ of mandamus. Re-

[1]Reported in 134 P. (2d) 950.

lator, chief of the fire department, seeks to compel defendant city commissioners to call an election and submit to the electorate a proposed ordinance increasing the pay of members of the fire department.

There is no dispute as to the facts. The defendant commissioners compose the city council. The proposed ordinance was filed with the city clerk upon petition of more than fifteen per cent of the total qualified electors voting at the last general municipal election. The clerk, as required by subd. (b) of § 82, Art. IX (providing for the initiative) of the city charter, certified the sufficiency of the petition and presented it to the city council. Subdivision (c) of that section provides:

". . . the council, within ten (10) days after the receipt thereof, except as otherwise provided in this charter, shall either pass such ordinance without alteration, or submit it to popular vote at a special election which must be held within 30 days after the date of the ordering thereof."

Upon such certification by the clerk, the council simply ordered the petition and proposed ordinance "placed on file." It took no steps toward submitting the ordinance to popular vote. This action followed.

█ The council's refusal to submit the ordinance to popular vote was based on two grounds: (1) That the ordinance contravenes certain provisions of the budget law (Rem. Rev. Stat., §§ 9000-1—9000-11 [P. C. §§ 890-1—890-11]); and (2) that salary ordinances cannot be made the subject of an initiative. The latter position rests upon Art. IV, § 26, of the charter, which provides: "Employees, Compensation: The council shall fix the compensation of all officers, assistants and employees, and may change the same." Art. IV bears the caption "Administration of City Affairs." Respondents take the position that, by § 26, the fixing of

salaries is *exclusively* vested in the city council. This contention is predicated upon the terms in which the section is couched and upon the assumption that the fixing of salaries is an administrative, and not a legislative, act.

As to the terms of § 26, it is to be noted that the word *exclusively* is conspicuously absent, and we do not think the court is warranted in supplying it in face of Art. I, § 4, of the charter, which provides:

"Powers, How Exercised: All power of the city, unless otherwise provided in this charter, shall be exercised by, through and under the direction of five commissioners, who shall constitute the council and one of whom shall be the mayor. *The commissioners and council shall be subject to the control and direction of the people at all times, by the initiative, referendum and recall, provided for in this charter.*" (Italics ours.)

■■ Whether the fixing of salaries is an administrative or legislative function, is a question upon which the courts are divided. See annotation g, 122 A. L. R. 782. This court, however, is committed to the view that it is a legislative function. *State ex rel. Pike v. Bellingham,* 183 Wash. 439, 48 P. (2d) 602; *State ex rel. Leo v. Tacoma,* 184 Wash. 160, 49 P. (2d) 1113. But, say respondents, from the very makeup of the charter, it is clear that the framers conceived the fixing of salaries to be an administrative function in that the provision (§ 26) appears in the article devoted to the "Administration of City Affairs." Neither generally nor in the particular instance can this be deemed a controlling factor. In the first place, whether a function is legislative or administrative, is strictly a judicial question. See *State ex rel. Harlin v. Superior Court,* 139 Wash. 282, 247 Pac. 4; *Neils v. Seattle,* 185 Wash. 269, 53 P. (2d) 848. In the second place, the question was once before presented to the city coun-

cil. In 1919, a salary ordinance was filed upon petition under the initiative provisions of the charter, and, by unanimous vote of the council, it was submitted to the electorate at a special election. While this is, of course, not determinative of the character of the function of fixing salaries, it is persuasive as an interpretation by the city council of the meaning of the charter provisions now under consideration (1 McQuillin Municipal Corporations (2d ed. rev.), p. 973, § 356) and supports our own construction of them.

As we understand it, respondents' contention that the proposed ordinance contravenes certain provisions of the budget law (Rem. Rev. Stat., §§ 9000-1—9000-11) is because, by its terms, it becomes effective immediately upon its adoption, and that, consequently, it would require the payment of salaries in excess of the amount provided for in the current budget. We think the clause in question has reference only to the time when the salary increase is to become effective—not as to how or when the increase may be paid in contemplation of the budget law. The latter problem is one to be solved by the city council if and when the ordinance takes effect. That is the purport of our decisions in the cases of *State ex rel. Knez v. Seattle,* 176 Wash. 283, 28 P. (2d) 1020, 33 P. (2d) 905; and *State ex rel. Pike v. Bellingham, supra.*

We can find nothing in the budget act that even remotely affects the right of the electors to invoke the initiative provisions of the city charter upon ordinances such as that proposed.

The judgment is reversed and the cause remanded, with direction to issue a peremptory writ of mandate.

SIMPSON, C. J., BEALS, ROBINSON, and GRADY, JJ., concur.

April 26, 1943. Petition for rehearing denied.