THE PEOPLE, Appellants, *v.* REUBEN RAYNES,
Respondent.

An action cannot be maintained against the keeper of a common gaming-house, to
recover the amount required by law for a license, which he neglected to obtain.

The failure to obtain a license, leaves the party as he would have been at common
law, a public wrong-doer, and subject to indictment and punishment.

APPEAL from the District Court of the Sixth Judicial District.

This action was brought to recover the license-money alleged to be due under the acts to license gaming, of March 15th, 1851, and April 29th, 1851.   See statutes 1851, pp. 165–167.

The complaint avers that the defendant kept a gaming-house in Sacramento City, with more than three gaming-tables, in which banking games, and games having a percentage, were played during a period of three months, and had thereby become liable to pay the plaintiffs the sum of $500, under the statute, which he had refused to pay.

The defendant demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action.

The demand was sustained, and plaintiff appealed.

*Carlton*, District Attorney, for appellants.

The common law of England was adopted in this State, 13th April, 1850, and the keeping of a common gaming-house is indictable at common law : 1 Russel on Crimes, 323.   The civil action is not merged in the misdemeanor created by the statute, though it is in a felony : 10 Wheat. 473 ; 1 Chitty's Genl. Prac. 10, 11.

We say that whenever a legal liability to pay money is created, whether by statute or at common law, a civil action to recover it will lie, in the name of the person to whom it is due.   The statute requires any person keeping gaming-tables, to pay a certain sum for the privilege.   It is in the nature of a license tax. See Addison's Rep. 312 ; 2 Greenl. 404 ; 6 N. H. 499 ; 1 N. H. 20 ; U. S. Dig. p. 271.

Taxes may be recovered, though no action is given by statute,

and this, though distress may lie: 6 Har. & Johns. 383 ; 2 Roch. 61.   The same principle is held, 3 Mason, 324 ; 1 Mason, 482 ; 5 Mass. 326 ; 2 Conn. 215 ; 1 U. S. Dig. 272.

Where a statute provides for the payment of money, and gives no means to enforce it, an action at law will lie: Cowper, 474 ; and see 1 Doug. 10, n. 2 ; 19 Vt. (4 Wash.) 621 ; 2 Cranch, 236 ; 4 Washington C. C. 106.

No brief for respondent is found with the record.

HEYDENFELDT, Justice, delivered the opinion of the court. MURRAY, Chief Justice, concurred.

The defendant was the keeper of a common gaming-house, and this action was for the amount required by law for a license, which the defendant had neglected to obtain.   It was decided by this court, in the case of "The People *v.* Craycroft," that such an action could not be maintained.

The statute re-enacts the common law, in making this evil occupation a misdemeanor, punishable by fine and imprisonment, and the license is proposed as a sort of compromise for the offence, doubtless with the hope of regulating and thereby diminishing the bad influence of a vice which it is impossible to suppress.

The failure to obtain the license, leaves the party as he would have been at common law, a public wrong-doer, and subject to indictment and punishment.

                                   Judgment affirmed.