STATE ex rel LOE, Respondent v. DAVIS, Appellant.

(170 N. W. 519).

(File No. 4489.   Opinion filed Jan. 20, 1919).

1. **Municipal Corporations — Constitutional Law — Referendum — Ordinance Fixing Salaries. Whether for Money Expenditure— Statute, Exception Under.**

A city ordinance fixing salaries of mayor and aldermen, is not within the exception in Pol. Code, Sec. 1214, providing for carrying into effect a referendum election under Const. Art. 3, Sec. 1, which constitutional provision provides for submission of law to a referendum before going into effect, except such laws as may be necessary for immediate preservation of the public peace, health or safety, support of the state government and its existing public institutions, and which statute provides that no law, ordinance, etc., excepting such as are for immediate preservation of public peace, health or safety, or "expenditure of money in the ordinary course of the administration of the affairs of such public corporation" shall go into effect, etc.; since said ordinance is not one for expenditure or appropriation of money, but is purely a statute fixing salaries.

2. **Constitutional Law—Referendum, Laws Referable, Exceptions, Legislative Power Subordinate.**

The constitutional provision relative to referendum is the fundamental and paramount law as to what exception exists in

relation to laws which are subject to referendum, and the Legislature has no power to add to or take from the constitutional provision any part thereof.

Appeal from Circuit Court, McCook County. Hon. Joseph W. Jones, Judge.

Action by the State of South Dakota, on the relation of Anton Loe, against Clarence M. Davis, as City Auditor of the City of Salem, South Dakota, praying for a writ of mandamus permitting the holding of a referendum election upon a city ordinance. From a judgment requiring the holding of such referendum, defendant appeals. Affirmed.

*Bogue & Bogue,* for Appellant.

*Caldwell & Caldwell,* for Respondent.

(1) To point one of the opinion, Respondent cited:

State Ex Rel v. Meath, (Wash.), 147 Pac., 11.

(2) To point two, Respondent cited:

State Ex Rel Richards v. Whisman, 36 S. D., 260.

McCOY, J. [1] The one question presented on this appeal is whether or not, under the Constitution and laws of this state, a city ordinance fixing the salaries of the mayor and aldermen is subject to the referendum. The learned trial court held that it was. From a judgment of the lower court in mandamus requiring the holding of a referendum election upon such an ordinance appeal has been taken to this court. We are of the opinion that the holding of the trial court was proper. Section 1, art. 3, of the Constitution provides for referendum vote upon all laws or ordinances of municipalities, excepting such as may be necessary for the immediate preservation of the public peace, health or safety, support of the state government and its existing public institutions. We are of the view that the ordinance in question is clearly not within this exception. The contention of appellant is that the ordinance in question is within the exception in section 1214, Pol. Code, being an act passed for the purpose of carrying into effect a referendum election under section 1, art. 3, of the Constitution, and which provides that all laws and ordinances may be referred to a vote, excepting such as are for the immediate preservation of the public peace, or the public health or safety, or expending of money in the ordinary course of the administration of the affairs of such public corporations. The specific contention of appellant

is that the ordinance in question provides for an expenditure of money in the ordinary course of the affairs of city administration. If section 1214 conflicts with the Constitution, it is to that extent void. The said article of the Constitution is the fundamental and paramount law of this state as to what exceptions exist in relation to laws which are subject to referendum, and the Legislature has no power to add to or take from the constitutional provision any part or portion thereof. Even if this statute was valid, we are of the view that the ordinance in question is not within the exception provided for by said section 1214, as the ordinance in question is clearly not an ordinance for the expenditure of money in the ordinary course of. the administration of the affairs of such public corporation, but is purely a statute fixing salaries of public officers of said corporation. This is not an ordinance appropriating money.

The judgment appealed from is affirmed.