148 So. 674

DICKSON, Public Utilities Com'r, v. HARDY, Mayor.

No. 32241.

May 1, 1933.

Rehearing Denied May 29, 1933.

Aubrey M. Pyburn and Elmo P. Lee, both of Shreveport, for Hardy.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for Dickson.

Herold, Cousin & Herold, of Shreveport, amici curiæ on application for rehearing.

LAND, Justice.

The present suit is a contest between petitioner, C. Bickham Dickson, commissioner of public utilities, and the defendant, George W. Hardy, Jr., mayor, over the supervision and control of Cross Lake, the source of the water supply of the city of Shreveport.

The commission plan of government, as provided by Act No. 302 of 1910, was adopted by that city. Under section 4 of this statute, a distribution of the functions and powers of government is provided for in the following manner:

"And the powers and duties shall be distributed into and among five departments as follows:

"1. Department of Public Affairs and Public Education.

"2. Department of Accounts and Finances.

"3. Department of Public Safety.

"4. Department of Public Utilities.

"5. Department of Streets and Parks."

On October 19, 1932, the city council adopted a resolution in which it assigned to the commissioner of public utilities, among other things, the duties pertaining to "Waterworks and Sewerage."

Petitioner contends, therefore, that jurisdiction over Cross Lake is appropriately vested in him, as commissioner of public utilities, and, in the present proceeding, seeks to restrain the defendant, mayor of the city of Shreveport, from interfering with petitioner in the exercise of that jurisdiction.

Defendant, the mayor of Shreveport, admits in his answer such interference, and justifies same under the terms of Ordinance 39 of 1932. After the failure of the passage of this ordinance, it was submitted, under section 14 of Act No. 302 of 1910, to the qualified voters of the city of Shreveport. At this election, held September 13, 1932, the proposition of the adoption of the ordinance received a majority of votes cast.

This ordinance contains, among others, the following provisions:

"Section 2. The Mayor shall be Superintendent of the Department of Public Affairs, of Public Education, of the Legal Department, of the Health Department, of Public Property, the Municipal Library, the Municipal Auditorium, *the Department of Conservation and Enforcement on Cross Lake* and the Department of Public Recreation. He shall make rules and fix policies for the proper conduct of all of said Departments.

"The following officers shall be elected by the City Council on the nomination of the Mayor: * * *

"*A Superintendent of Conservation and Enforcement on Cross Lake.*

"All of said named officers shall be under the supervision and control of the Mayor. * * *

"The Superintendent of Conservation and Enforcement on Cross Lake shall have full charge of the patrolling of Cross Lake and of the enforcement of laws and ordinances with reference thereto which have been or may be adopted by the Council."

Petitioner has attacked Ordinance 39 of 1932 as illegal, null, and void on the following grounds:

(a) That Act No. 302 of 1910, the charter of the city of Shreveport, establishes five departments into which the powers and duties of municipal government are distributed: that the other offices named in that act are expressly limited to city attorney, secretary-treasurer, tax collector, etc.; and that the city council could not, nor could the electorate, create a department of conservation and enforcement on Cross Lake, nor the office of superintendent of conservation and enforcement on Cross Lake.

(b) That the authority which can be delegated to the mayor of Shreveport is limited by the provisions of Act No. 302 of 1910 to the superintendence of the departments of public affairs and education, and that the assignment to the mayor of the supervision of Cross Lake, as provided by Ordinance 39 of 1932, is not appropriate to the functions which can be legally exercised by him; but can be appropriately assigned only to the department of public utilities.

(c) And, finally, that section 14 of Act No. 302 of 1910, the referendum clause of the act, deals solely with administrative rather than legislative matters, and that only ordinances legislative in character may be submitted to referendum under that section.

█ 1. If defendant relied upon the original provisions of Act No. 302 of 1910 to sustain the legality of Ordinance 39 of 1932, there might be some semblance of soundness in the contentions above made by able counsel for petitioner. But defendant does not so rely. On the contrary, defendant rests his case upon Act No. 155 of 1926, amending section 5 of Act No. 302 of 1910, and upon Act No. 39 of 1926, an act "To authorize and empower the City of Shreveport to adopt, exercise and enforce police and sanitary regulations and ordinances over the bed and waters of Cross Lake and the area surrounding same."

After conferring upon the city of Shreveport "full power and authority to adopt and enforce all needful police and sanitary ordinances and regulations for the protection of the bed and waters of Cross Lake * * *

from * * * pollution, contamination or destruction by salt water, refuse, filth, or from any other cause," it is clearly and specifically provided in Act No. 39 of 1926: "That *the City* shall have the right and authority *through* its Board of Health, Public Safety Department, Public Utilities Department, *or otherwise*, to inspect all of said property and the drainage area of said Cross Lake and to enforce its ordinances and regulations by fine or imprisonment through the proper Courts of the State of Louisiana."

Under the above provision, the right and authority of the city of Shreveport to inspect the lake and its drainage area are not restricted, either to the board of health, or to the public safety department, or to the public utilities department, but the city may accomplish this end "otherwise," that is to say, through any board, department, or agency it may see fit to create and use for that purpose.

▆ Ordinance 39 of 1932, in providing for a "Department of Conservation and Enforcement on Cross Lake" and for a "Superintendent" of that department, is clearly within the limits of the authority delegated to the city of Shreveport by Act No. 39 of 1926. And if other authority were necessary, it is found in the plain and unambiguous provisions of Act No. 155 of 1926, amending section 5 of Act No. 302 of 1910, the charter of the city of Shreveport. These provisions are as follows: "Section 5. That the Mayor shall be Superintendent of the Department of Public Affairs and Public Education; and in cities of forty thousand (40,000) or more population one councilman shall be the Superintendent of the Department of Accounts and Finance; one councilman shall be superintendent of the Depart-

ment of Public Safety; one councilman shall be Superintenednt of the Department of Public Utilities; and one councilman shall be Superintendent of the Department of Streets and Parks. * * * The Council shall at its first meeting or as soon as practicable thereafter elect the following officers: City Attorney, Secretary-Treasurer, who shall be ex-officio tax collector, Auditor, City Engineer, City Physician, and members of the City Board of Health, as provided by existing laws and such other officers and assistants as shall in the judgment of the Mayor and Councilmen be necessary to the proper and efficient conduct of the affairs of the City. *The City Council shall also have the power and authority to create and elect* a Board of Park Commission; a Library Board; a Water and Sewerage Board *and such other boards as it may deem necessary and invest the same with such powers, duties and authority as the council may deem proper. * * * And this Act shall prevail over the provisions of the Charter of any city coming under this Act.*"

It is manifest, therefore, that the original charter of the city of Shreveport, Act No. 302 of 1910, in its restrictions as to the offices that may be created, has no application to the present case, by reason of the amendment to section 5 of Act No. 302 of 1910 by Act No. 155 of 1926.

As the mayor of Shreveport is the chief executive officer of that city, and, by virtue of his office, is charged with the duty of seeing that all municipal ordinances are enforced, it is peculiarly appropriate, in our opinion, that he should fill the office of superintendent of conservation and enforcement on Cross Lake, as his duties under that office

place him in "full charge of the patrolling of Cross Lake and of the enforcement of laws and ordinances with reference thereto."

■ 2. We do not concur in the view that petitioner is vested with jurisdiction over Cross Lake merely because, as commissioner of public utilities, he may have charge of "Waterworks and Sewerage."

Nor was the city council of the city of Shreveport of that opinion, since the supervision, control, and management of Cross Lake have, in fact, since the opening of the Lake, been placed by the council under the department of public safety, the city board of health, and the department of public utilities. See Cross Lake Ordinance 200 of 1925.

During the course of the trial in the lower court, Mr. Ford, commissioner of finance, testified that petitioner had agreed at one time that the supervision of Cross Lake be placed upon the mayor at that time, Judge J. G. Palmer. The testimony of Mr. Ford is as follows:

"A. Yes, sir. ' Late in the fall of last year, when there were three departments having men upon Cross Lake with more or less divided authority, there was a conference called by the then Mayor, J. G. Palmer, at which all commissioners were present, and the discussion came up, and it was then agreed in conference that the supervision of Cross Lake should be turned over to Mayor Palmer. That the Department of Public Safety and the Department of Public Utilities would turn their men over to the Mayor for his supervision, he to have centralized authority over the lake. That did not last very long, however, due to the fact that one of the commissioners withdrew from that agreement." Tr. 45 and 46.

It appears, therefore, that the supervision of Cross Lake has been under the mayor, as head of the department of public affairs, and under the commissioner of public utilities, who, at no time, has had sole or exclusive jurisdiction over Cross Lake.

■■ 3. Nor are we impressed by the contention of able counsel for petitioner that the referendum clause, section 14 of Act No. 302 of 1910, is limited in its scope to proposed ordinances legislative, and not administrative, in character, since, under this section, *"any* proposed ordinance may be submitted" to the electorate, regardless of its character. The language of this section is clear and free from all ambiguity and the letter of it is not to be disregarded under the pretext of pursuing its spirit. Rev. Civ. Code art. 13. Besides, in our opinion, Ordinance 39 of 1932 is legislative in character.

■ It is clear that the city council of the city of Shreveport had the authority to pass Ordinance 39 of 1932, if the commissioners had seen fit so to do. This being the case, the electorate had the right to adopt the ordinance when submitted. Otherwise, the referendum clause of Act No. 302 of 1910, the charter of the city of Shreveport, would be a dead letter.

Our conclusion, therefore, is that Ordinance 39 of 1932 is legal and valid and has repealed Cross Lake Ordinance 200 of 1925.

4. The writ of injunction applied for by petitioner was refused by the district court for the parish of Caddo, and petitioner's demands were rejected. On appeal to the Court of Appeal, Second Circuit, the judgment of the lower court was reversed, and the writ of injunction ordered to issue. We are satis-

fied that the judgment of the Court of Appeal, Second Circuit, is erroneous.

It is therefore ordered that the judgment of the Court of Appeal, Second Circuit, be annulled and reversed. It is now ordered that the judgment of the district court for the parish of Caddo be reinstated and made the judgment of the court.