## TAXPAYERS' ASS'N OF HARRIS COUNTY et al. v. CITY OF HOUSTON et al.

### No. 10560.

Court of Civil Appeals of Texas. Galveston.

Nov. 19, 1936.

Rehearing Denied Jan. 21, 1937.

J. S. Bracewell and H. Fletcher Brown, both of Houston, for appellants.

W. Ray Scruggs, of Houston, for appellees J. H. Davidson and B. W. Payne.

R. R. Lewis, Geo. D. Neal, W. M. Holland, and Walter E. Boyd, all of Houston, for other appellees.

PLEASANTS, Chief Justice.

The following statement of the nature and result of the suit is in the main copied from statements contained in the briefs of the appellants and the appellees:

This is an appeal from an order of the Eightieth district court of Harris county, on the 22d day of September, 1936, denying appellants' application for a temporary writ of injunction.

Appellants, taxpayers of the City of Houston, filed this suit against the City of Houston, its mayor, commissioners, controller, and five of its department heads, individually and as representing all the employees affected by the order referred to, alleging the invalidity of two ordinances alleged to have been passed by popular vote under the referendum provisions of the Houston charter, August 22, 1936. Such ordinances purport on their face to set up minimum salary schedules for most of the employees of the City of Houston. It was alleged that all these employees had theretofore been determined to be necessary for the reasonably efficient operation of the city government, and that the ordinances had the effect of increasing the budgetary requirements of the City of Houston $131,000 for the balance of the fiscal year.

One of the ordinances, relating to the schedule to be paid the firemen, was passed under the initiative provision of the charter. The other was submitted on the council's own motion under such initiative and referendum provision. Both ordinances were submitted by the council on August 3, 1936, to the qualified voters without reference to whether they had rendered their property for taxation. It is alleged that the ordinances are invalid for various reasons, as set forth in the petition, but that defendants are considering the same as valid and acting thereon and failing and refusing to use their independent judgment and discretion in fixing the salaries of all of such employees, and an injunction is prayed for not only to enjoin the defendants from disbursing the funds of the City of Houston under and by virtue of said ordinances, but to mandatorily require the defendant mayor and commissioners to exercise their independent judgment and discretion in fixing such salaries.

The grounds upon which appellants' petition assail these ordinances are thus summarized in their brief:

(1) That upon a proper construction of the charter of the City of Houston, its fiscal affairs have been excepted from the operation of initiative and referendum.

(2) That there is no authority in the Constitution, statutes, or charter for the City of Houston to in any manner establish a minimum wage ordinance.

(3) That the charter limits referendum questions to matters of legislation and the measures under consideration are not within the terms and meaning of such provision of the charter.

(4) That since the City of Houston has dealt with the question of minimum wages in its charter, if authorized to pass mini-

mum wage provisions the same must be by charter amendment.

(5) That since the ordinances necessitated a large expenditure of money, the same were within the terms of section 3a of article 6 of the State Constitution and could not be adopted except by property owners who had rendered their property for taxation.

(6) That since the ordinances increased the budgetary requirements in excess of the revenues reasonably anticipated for the current year, the same were void as having created a deficit.

Appellees' answer consists of pleas in abatement, a general demurrer, several special exceptions and special denials, and affirmatively pleaded the validity of the ordinances upon grounds which we will hereinafter set out.

After a full hearing in the court below, upon which oral and documentary evidence was presented, the court concluded that the ordinances sought to be invalidated by appellants' suit did not violate the provisions of the Constitution of this state, nor of the charter of the City of Houston pleaded by appellants, and refused to grant the injunctive relief prayed for by appellants.

While the questions presented by the appellants' brief may not be free from doubt, the majority of the court (Justice Lane being prevented by sickness from participating in the disposition of the appeal) have reached the conclusion that the evidence upon the fact issue raised by the pleadings as to whether the ordinances had the effect of creating a deficit in the current revenues of the city for the current year, was not so conclusive or preponderating in support of appellants' claim of such deficit, as to authorize this court to disturb the judgment of the trial court on that issue.

The averments of the affirmative answer are reflected in the appellees' counter propositions hereinafter discussed.

The first of these propositions is, in substance, that the city council of the City of Houston, being authorized by the city charter to direct the fiscal affairs of the city, and to establish any office that in the opinion of the council may be necessary or expedient for the conduct of the city's business, and to fix the salary and define the duties pertaining to the office; and the charter further providing that the cit-

izens of the city shall have the power of direct legislation by the initiative and referendum, the city council of its own motion may submit to popular vote for adoption or rejection any proposed ordinance or resolution fixing a minimum salary to be paid the officers and employees of the city fire department.

The second proposition presented in appellees' brief is:

"Where, at an election held in the City of Houston on August 22, 1936, the qualified electors adopted two ordinances establishing the minimum salaries to be paid certain officers and employees of said City, and where those voting at said election were not limited to those qualified electors owning taxable property in the City of Houston who had duly rendered the same for taxation, but all the qualified electors of the City of Houston were permitted to vote on the adoption or rejection of said ordinances, the trial court correctly ruled that said ordinances were not enacted in violation of the provisions of section 3a of article 6 of the Constitution of the State of Texas."

The third proposition is:

"Where the Charter provisions of the City of Houston vest in the Mayor and City Council the administration of the business affairs of the City, and further provides that the City Council may establish any office it deems expedient or necessary for the conduct of the City's business or government, and may fix its salary and define its duties, and where the Charter further provides that the people of the City of Houston shall have the power of direct legislation by the initiative and referendum, the fixing of salaries is not vested exclusively in the City Council, but the power of the City Council is restricted or modified by the provisions of the Charter relating to the initiative and referendum, and ordinances establishing minimum salaries for City employees are proper subjects of initiative and referendum."

The material facts shown by the evidence adduced upon the hearing of the application for temporary injunction are:

Both of the ordinances in question establish a minimum monthly salary for designated officers and employees of the city. One of these ordinances relates to the city fire department, and will be hereinafter referred to as the fire department ordinance. The method and manner in

which these two ordinances were enacted is as follows:

On June 20, 1936, the city council received and filed a petition which was duly signed and verified as required by the charter of the City of Houston, said petition being accompanied by a proposed ordinance fixing a minimum salary to be paid officers and employees of the fire department of the city. As required by the charter, the city secretary of the City of Houston checked the signatures on said petition with the poll tax list and certified that said petition contained more than 15 per cent. of the number of qualified voters at the last Democratic primary election.

Within the time required by the city charter, the city council by an ordinance duly enacted refused to pass this proposed ordinance, but ordered an election to be held on the 22d day of August, 1936, submitting this ordinance to the qualified voters of the city for adoption or rejection. By proclamation of the mayor this election was called and notice thereof given in accordance with the provisions of the city charter. The other ordinance in question, which may be designated as the general city employees salary ordinance, was also submitted at the election called for the submission of the city fire department ordinance.

On the 3d day of August, 1936, the city council, without a petition of the qualified voters, but in the exercise of the discretion vested in it by the charter of the City of Houston, enacted an ordinance ordering a special election to be held on the 22d day of August, 1936, for the purpose of submitting to the qualified electors of the City of Houston for their adoption or rejection an ordinance providing for a minimum salary to be paid to each and all of the appointive officers and employees, as designated in said ordinance, and authorized the mayor to issue a proclamation calling a special election for that purpose. The ordinance, in section 3 thereof, provides as follows:

"Section 3: This ordinance shall take effect and be in force as a law immediately upon its adoption by the qualified electors of the City of Houston, Texas."

On the 3d day of August, 1936, the mayor pro tem issued a proclamation calling a special election for the 22d day of August, 1936, for the adoption or rejection of such ordinance, notice of such proclamation being issued August 4, 1936, and

notice being posted August 5, 1936. On the 26th day of August, 1936, the city council resolved itself into a committee of the whole for the purpose of examining, counting, and canvassing the votes of the special election held on August 22, 1936, for the adoption or rejection of said ordinances, and on a tabulation of the votes for such ordinances determined that the city fire department salary ordinance was adopted by a majority of 25,131 votes, and the general city employees salary ordinance by a majority of 10,000.

 We think the three propositions presented by appellees' brief are sound and that the judgment of the trial court should be affirmed.

The pertinent provisions of the city charter which, it seems to us, sustain these propositions, are thus set out and discussed in appellees' brief:

"The Charter of the City of Houston has vested in the City Council the power to conduct the business for the municipal corporation, and the following provisions of the Charter pertain to the mode and manner the affairs of the City shall be conducted:

"Article II, Section 2, provides as follows:

"'The City Council shall have power to enact and to enforce all ordinances necessary to protect life, health and property * * * to preserve and promote good government, order, security, amusement, peace, quiet, education, prosperity, and the general welfare of said City and its inhabitants; to exercise all municipal powers necessary to the complete and efficient management and control of the municipal property and affairs of said City to effect efficient administration of the municipal government of said City. * * *'

"Article V, Section 1, reads in part as follows:

"'The administration of the business affairs of the City of Houston shall be conducted by a mayor and four aldermen who, together, shall be known and designated as the City Council. * * *'

"Article VII, Section 1, reads as follows:

"'There shall be a City Council of the City of Houston, which shall consist and be composed of a Mayor and four aldermen, with full power and authority, except as herein otherwise provided, to exercise all powers conferred upon the City sub-

ject to the veto power of the Mayor as herein provided.'

"Article VII, Section 6, par. 3, provides the mode and method of action by the City Council, which is as follows:

" 'The Council shall act only by ordinance, resolution or motion. * * *'

"All of the above provisions of the City Charter which we have quoted were contained in the Charter granted in 1905 by the 29th Legislature. In 1913, after the passage of the Home Rule Amendment to the constitution of the State of Texas (Const. art. 11, § 5) the following provisions of the Charter were adopted by the voters of the City of Houston, Texas, which refer to the initiative and referendum:

"Article VII-B, Section 1, is as follows:

" 'The People of Houston, in addition to the method of legislation herein provided, shall have the power of direct legislation by the initiative and referendum.'

"Section 2 of Article VII-B, provides in the manner in which the initiative shall be exercised.

"Section 3 of said Article VII-B, provides for a referendum.

"Section 4 of said Article VII-B, provides as follows:

" 'The Council, of its own motion, may submit to popular vote for adoption or rejection or repeal at any election any proposed ordinance or resolution or measure, in the same manner and with the same force and effect as provided in this Article for submission on petition.'

"Article IX, Section 17-b, of the Charter of the City of Houston, was also added by amendment at the election held in 1913, and provides as follows:

" 'The City Secretary shall give notice of all ordinances and resolutions, except those granting franchises, (which shall be published as now provided by the Charter) by causing to be published in some daily newspaper in the City of Houston at least once within ten days after their passage and approval, the caption or title of such ordinances and resolutions, and such ordinance or resolution shall take effect and be in full force and effect from and after its passage and approval, unless otherwise provided therein; provided, that all such resolutions and ordinances shall be subject to the provisions of this Charter, for

a referendum, and any action taken by authority of same shall be and become null and void should a referendum petition be filed on such ordinance or resolution as provided in Article VII-B of this Charter.'

"There can be no question that at the election held in 1913 at which many sections of the Charter were amended by the qualified electors of the City of Houston, it was the express object of the people of the City of Houston to reserve in themselves the right of initiating legislation for the Council and to exercise the right of referendum on all matters passed by the City Council. There can also be no question but that it was the express object and intent of the voters to permit the City Council to submit to popular vote for adoption or rejection or repeal at any election any proposed ordinance or resolution or measure."

As before shown, the city council passed the general city employees salary ordinance and then submitted it to a vote of the qualified electors of the city for adoption or rejection. This is conclusively shown by section 3 of the ordinance above set out.

■ We also agree with appellees that the fixing of the salaries of officers and employees of the city is the exercise by the city council of its legislative function. Fixing the compensation of officers and employees of the city is as much an exercise by the council of its legislative function as the creation of the office and prescribing the duties to be performed by the officers and their employees.

So far as we are informed, this question has never been decided by the courts of this state, but the courts of other states have passed upon the identical question and sustain appellees' contention: State ex rel. Pike v. City of Bellingham, 183 Wash. 439, 48 P.(2d) 602; State ex rel. Loe v. Davis, City Auditor, 41 S.D. 327, 170 N.W. 519; State ex rel. Martin v. Eastcott, 53 S.D. 191, 220 N.W. 613; State ex rel. Leo v. City of Tacoma, 184 Wash. 160, 49 P.(2d) 1113; Ley v. Dominguez, 212 Cal. 587, 299 P. 713.

There is nothing in the charter of the City of Houston or the Constitution of this state which requires a different construction from that given the charter and constitutional provisions set out and passed upon by the courts in the cases above cited.

The remaining material question presented in appellants' brief is whether these salary ordinances, when submitted to a vote of the people of Houston under the initiative and referendum provisions of the charter, should only be submitted to a vote of the taxpayers of the city in accordance with the provisions of section 3a, article 6, of the Constitution, has been decided contrary to appellants' contention in the case of Bradshaw v. Marmion (Tex. Civ.App.) 188 S.W. 973, 974, 975. In the case cited the court was called upon to construe the following provisions of the charter of the City of Houston Heights:

"In all elections to determine the expenditure of money for [or] the assumption of debt, only those shall be qualified to vote who pay taxes on property in said city, and are legally qualified voters in said city of Houston Heights."

In construing this section of the charter, the court held as follows:

"But this provision of the charter is in a section pertaining to the question of the issuance of bonds and voting taxes to pay same, and cannot be extended to furnish the definition of the legal qualifications of voters in an election called to pass upon an increase of the mayor's salary under an entirely different article and section of the charter. An election to determine whether the mayor's salary would be increased is not to be considered within the purview of an 'election to determine the expenditure of money or the assumption of debt.' Such language manifestly refers to the issuance of bonds, and imposition of taxes covered by said section 1 of article 4, wherein the language is used."

We think that under the rule ejusdem generis, as it has been uniformly recognized and applied by the courts, the provisions of the Constitution before mentioned are only applicable when the election is held for the issuance of bonds or otherwise lending the credit of the city.

It seems clear to us that ordinances fixing a minimum compensation for the officers or employees is not within the purview of the cited provisions of the Constitution. The case of O'Brien v. Snelson (Tex.Civ.App.) 82 S.W.(2d) 679, sustains appellees' and our views on this question.

It follows from what is above said that the judgment must be affirmed, and it has been so ordered.

Affirmed.