29 So.2d 281

## HAWKINS v. CITY OF BIRMINGHAM.
### 6 Div. 486.

Supreme Court of Alabama.
Jan. 16, 1947.

Rehearing Denied March 13, 1947.

W. Marvin Woodall, of Birmingham, for appellant.

Jas. H. Willis, of Birmingham, for appellee.

694

FOSTER, Justice.

.The question on this appeal is whether a certain proposed ordinance is within the authority of the initiative and referendum statute, applicable to Birmingham. Section 636, Title 62, Code 1940.

The proposed ordinance in effect provides that the members of the fire department of the city, except the chief, shall be limited to 48 hours of duty in each calendar week, with certain exceptions applicable to emergencies, but that such limitation shall not become operative for a period of 12 months to make allowance of time in which to organize and prepare for its operation. It is in substance what is called the three-platoon system, whereby there shall be three shifts of men on duty during the 24 hour day, each serving eight hours. The briefs indicate that this has been adopted in 23 cities of over 10,000; that others have turned down the plan.

Section 636, supra, provides that "Any proposed ordinance may be submitted to the commission by petition signed by at least five thousand qualified electors of the city." The petition shall be filed with the probate judge of the county. It is the duty of the probate judge to ascertain whether it is signed by the required number of electors. When he finds that the petition is, sufficient, he shall submit the proposed ordinance to the city commission. Said commission shall either adopt the ordinance within 20 days or cause it to be transmitted to the election commission which shall call a special election. If the majority voting is for its adoption, it shall become a valid and binding ordinance of the city, and it "Cannot be repealed or amended except by a vote of the people."

It is contended by the city that the generality of "Any proposed ordinance" makes. it void for uncertainty, or if not that it violates section 89 of the Constitution, and that it only refers to those which call into exercise the legislative power of the city for general application to and government of the inhabitants, and not those which are administrative, executive, judicial or

contractual in character, and contending that the proposed ordinance is not legislative; and if that position is not correct, that the subject matter of the proposed ordinance has been by law committed to the civil service board having jurisdiction in Birmingham, and that section 636, supra, should be so construed as not to withdraw their power in that respect, since there can be a field of operation for both statutes without overlapping each other.

We are not impressed with the thought that section 636, supra, should be declared void for uncertainty if we can give it a reasonable construction so as to be enforceable, or that the proposed ordinance violates section 89 of the Constitution. Birmingham .v. West, 236 Ala. 434, 183 So. 421. The same contentions were made in this Court in respect to that statute in the case of Hawkins v. City of Birmingham, 239 Ala. 185, 194 So. 533. But this Court did not find it necessary to pass on them for the proposed ordinance was thought by the Court not to have been in the contemplation of the legislature.

We will take a look at the decisions of other states in connection with the meaning of their initiative and referendum statutes applicable to cities.

In Dickson v. Hardy, 177 La. 447, 148 So. 674, 677, cited by appellant, consideration is given to a statute providing that "Any proposed ordinance may be submitted" to the electorate. It is said that its language is clear and free from ambiguity; and that since the city council had authority to pass such an ordinance, the electorate had the right to adopt it when submitted; and on account of its broad terms, it is not limited to ordinances which are legislative. The ordinance created a department of conservation and enforcement over a lake, the source of water supply of Shreveport; and in State ex rel. City of Shreveport v. Dickson, La.App., 150 So. 574, the court held that the same ordinance, though not entirely limited to governmental, as distinguished from proprietory matters, was within the statute. It was also provided in the ordinance that the department of accounts and finance should keep accounts of all funds of the city including those relating to water sewerage.

In State ex rel. Ausburn v. Seattle, 190 Wash. 222, 67 P.2d 913, 111 A.L.R. 418, relating to an initiative and referendum statute, it was held that, the number of men employed in the fire department, whether they should be employed on full or part time, the amount of money to be applied to operation of the fire department, are all legislative questions.

In Taxpayers' Ass'n v. Houston, 129 Tex. 627, 105 S.W.2d 655, it was held, citing many cases, that the fixation of minimum salaries and wages for public officers and employees is an expression of public policy and legislative. The citations include Pike v. Bellingham, 183 Wash. 439, 48 P.2d 602; State ex rel. Loe v. Davis, 41 S.D. 327, 170 N.W. 519. A later case in Texas goes further into the matter and gives a very clear statement of the rule which seems generally to prevail. Denman v. Quin, Tex.Civ.App.1938, 116 S.W.2d 783, 786. It states the general proposition thus: "It is obvious that ordinances intended by the electorate to be subject to referendum are those which are legislative in character, as distinguished from those of an administrative or executive nature; legislative, as relates to subjects of a general, or permanent, character, as distinguished from those which are only transitory, or temporary, or routine, and therefore administrative or executive, in their purpose and effect. An ordinance originating or enacting a permanent law or laying down a rule of conduct or course of policy for the guidance of the citizens or their officers and agents is purely legislative in character, and referable, but an ordinance which simply puts into execution previously-declared policies, or previously-enacted laws, is administrative or executive in character, and not referable."

Most statutes are construed to include only measures which are legislative, and are controlled as well by their language as by the inherent nature of the question,—122 A.L.R. 769 et seq. In Keigley v. Bench, 97 Utah 69, 89 P.2d 480, 122 A.L.R. 756, the statute authorized "desired legislation" submitted. It was held to include matters legislative in character only, and defined the test as one making a new law, and administrative as one executing an existing

law; and again as legislative, acts declaring public purposes and making provisions for ways and means of accomplishment; and also acts which relate to subjects as·of a permanent or general character; while those which are temporary in operation and effect are not. The court in that opinion cites many cases adopting that construction of their acts on the subject, and many illustrations are given in the annotation.

■ In the instant case, we must give consideration to the character of ordinance contemplated by section 636, supra, in the light of all its provisions and our other statutes. We are directed to its all inclusive terms, with no qualifying standards of expression by which it is limited. But limitations may otherwise appear. As we have shown, an ordinance so adopted, cannot be repealed or amended except by a vote of the people (not now considering the power of the legislature in that respect). It is therefore to be of "permanent operation." The city of Birmingham has unlimited power to adopt ordinances not inconsistent with the laws of the State and federal and State Constitutions, to carry into effect the powers and duties conferred by law upon the city, which includes the same police power possessed by the State. Section 654, Title 62 (Pocket Part) Code 1940. This power is of course subject to be controlled. Section 636, supra. Ordinances or resolutions intended for permanent operation are controlled as to the manner of their adoption by sections 456 et seq., Title 37, Code 1940. An ordinance which shows an intent to form a permanent rule of government until repealed has been held to be of permanent operation. Michael v. State, 163 Ala. 425, 50 So. 929.

■ The meaning of section 636, supra, is that an ordinance adopted by a vote of the people should be one proper to be of permanent operation. So that we have at least one standard set up in the statute which should apply to ordinances under section 636, supra. We should also note that there is no general requirement as to the form which must be used in adopting a measure by a city commission. See, sections 46, 406, 408, 410 and 411, Title 37, Code 1940; 37 Amer.Jur. 666, 667, section 52. That is to say, whether it should be by

ordinance, resolution or motion. So that we are persuaded that a measure not proper for permanent operation should not be construed to be under the influence of section 636, supra, by simply putting it in the form of an ordinance.

■ This statute should also be construed in pari materia with the civil service law applicable to Birmingham. Sections 144 and 145, Title 12, Code 1940, as amended by the Act of July 6, 1945, sections 12 and 13, page 388.

Section 12 prescribes the duties of the personnel director. There is no duty there expressly prescribed to fix working hours for city employees. Section 13 relates only to investigations, to ascertain and advise with heads of departments concerning their methods of handling those matters, such as hours of work, to ascertain whether the provisions of the act and the rules and regulations thereunder are obeyed. But no authority is given him to fix hours of work.

Appellant undertook to prove that the personnel board had construed the act so as not to confer on them this power. But such proof involved nonaction by the board. A construction which involves nonaction seems to have a different standing in that respect. 42 Amer.Jur. 399, note 8.

■ We are inclined to the view that this evidence was for that reason properly excluded not considering other questions in that connection. But we cannot find in those acts that the personnel director is expressly given that power. Unless it is impliedly given, it would leave the power with the city commission to regulate by ordinance or resolution. Section 631, Title 62, Code 1940.

■ To fix a status of that kind changing the set-up for the hours of service rendered by firemen is, we think prescribing a rule of government in the nature of an over-all structure for such services of broad outline, which certainly should be of "permanent operation," regardless of when or how it may be adopted. It would be consistent with the statutes to permit the city commission, or the people by referendum, to prescribe such a policy for the

set-up of the fire department, and then for the personnel director or board to fix from time to time the working details of such plan, so far as authorized by the civil service law. We would not say that details which are essentially of a fluctuating sort, due to economic or other temporary conditions, were intended to be set up in and by an ordinance which could only be modified or repealed as provided by section 636, supra.

We think such details are administrative matters, and were not intended to be of permanent operation. But those matters, which are proper and appropriate for permanent operation, may properly be termed legislative in character. They prescribe a rule of government not controlled by temporary conditions. The statute (section 636, supra) makes ordinances so adopted permanent. But the legislature is bound to know that a great many measures controlled by the city commission or some other board having jurisdiction should not be of a permanent operation, when they are affected by fluctuating conditions.

■ If the people of Birmingham, by a majority vote, are willing to set up permanently a program for over-all service by firemen under the three-platoon system, it is, we think, in substance making legislation of such sort as not to be outside the contemplation of section 636, supra, when the only limitation prescribed in that section is that it is to be permanent when es-

tablished, especially when it does not infringe upon a power otherwise expressly conferred by law upon some other board set up for the purpose. The fact that it does not bring within its terms the general public in Birmingham is not at all controlling that it is not legislative. Its purpose to benefit all the people, tending to make the service more efficient. A legislative act need not directly affect the general public. The public may be indirectly benefited by its direct effect on some of the employees of the city. Noble State Bank v. Haskell, 219 U.S. 104, 31 S.Ct. 186, 187, 188, 55 L.Ed. 112, 32 L.R.A.,N.S., 1062, Ann.Cas.1912A, 487.

The construction which we have here given our statute being that it relates to permanent measures of governmental policy, and not such as are controlled by temporary or fluctuating circumstances, means substantially the same as other states have expressed in construing their acts.

By whatsoever language the ordinance here in question may be tested, we think the proposed ordinance is within the contemplation of section 636, supra, and that the probate judge was within his jurisdiction in proceeding as directed by that statute. The judgment of the trial court to the contrary is reversed, and a judgment here rendered dismissing the application for the writ of prohibition to the probate judge.

Reversed and rendered.

All the Justices concur.