## Beierle v. City Of Newport et al.

September 30, 1947.

Ray L. Murphy, Judge.

Deupree & Deupree for appellant.

Carl Ebert for appellees.

OPINION OF THE COURT BY JUDGE SILER—Affirming.

Frank W. Beierle, appellant, who is a citizen and taxpayer of the City of Newport, sought a mandatory order to compel that city's mayor and commissioners, appellees, to either adopt a certain proposed city ordinance or else cause its submission to popular vote for a decision of the people, all in accordance with the provisions of KRS 89.610.

The trial court sustained, in effect, the legality of one part of the proposed ordinance but denied such legality as to another part of same. However, the trial court obviously considered this ordinance and appellant's petition each as having indivisibility, since the judgment dismissed the petition as a whole.

The appellant now contends that his petition with its exhibit "A," the proposed ordinance, stated a legal cause of action for mandamus and that accordingly the trial court committed reversible error in dismissing his petition.

While KRS 89.610 is an implementation empowering a city's citizens to initiate municipal legislation for final adoption either by city officials or by referendum vote, yet it should be noted that KRS 89.610 can only be used by appellant or anyone else to initiate such an ordinance as "the board has a legal right to pass," quoting the words of the statute itself. But appellant contends, of course, that his proposed ordinance had that very characteristic, namely such a legality as vouchsafed either its adoption by appellees or its referendum by them to the people of Newport.

The proposed ordinance provided, in effect and substance, for the levy of an occupation tax (1) upon the so-called occupation of an operator of a slot machine, that is to say a coin-operated, gambling device, and also (2) upon the so-called occupation of a bookmaker, that is to say a taker of bets on horse races.

While this proposed ordinance is couched in such language as to completely omit any words whatever referring to gambling, yet we note that it specifically says that it does not apply to (1) any vending machine dispensing merchandise or music nor to (2) any news disseminator of sporting events, such as a regular newspaper or periodical. Those exceptions mentioned in the proposed ordinance appear to signify a definite intention to levy an occupation tax on slot machine operation and on handbook operation. Also, we note in appellant's own brief, a statement by him as to the exact issue in this case, as follows:

"The only question to be decided is whether it is constitutional for the legislature or its extended arm, the city, to levy a tax upon a thing or the use of a thing that the law makes unlawful to operate, namely a coin-operated amusement device which includes a slot machine, and a place used for receiving and disseminating news pertaining to horse races, football games or any other sporting event which some people would term bookmaking."

Now the legislative authority of this Commonwealth has said that the operation of a gambling, slot machine is illegal. See KRS 436.230. It has likewise said that the operation of a bookmaker's place is illegal. See KRS 436.490.

The fundamental purpose of appellant's proposed ordinance, as set out by its own terms, is to produce revenue, estimated at $400,000 annually, from slot machines and bookmakers and thereby reduce all taxes on all other Newport taxpayers to that substantial extent.

There is one theory extant in the law and supported by respectable authority that a thing unlawful in itself may nevertheless be subject to the burden of taxation. See Capitol Novelty Co. v. Evatt, 145 Ohio St. 205, 61 N. E. 2d 211, 160 A. L. R. 1223; United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043; Carpenter v. State, 120 Tenn. 586, 113 S. W. 1042; Casmus v. Lee, 236 Ala. 396, 183 So. 185, 118 A. L. R. 822.

On the other hand, there is an opposing theory that a thing unlawful in itself cannot be subject to any taxation. See Brown v. State, 152 Fla. 853, 13 So. 2d 458; Thompson v. Hall, 104 W. Va. 76, 138 S. E. 579; People v. Raynes, 3 Cal. 366; State v. Texas Brewing Co., 106 Tex. 121, 157 S. W. 1166.

This exact question of a city's right to tax slot machines and bookmakers, both denounced by existing statutes, is one of first impression here in our own state.

It seems logical that any business transaction between two parties must be based upon some sort of a mutual recognition preceding all other considerations. In other words, if Newport should transact the business of selling occupation tax receipts to slot machine operator A and to bookmaker B, this would have to be done on the basis of Newport first recognizing that these two persons are actually pursuing *occupations* within the law's meaning. But these activities are completely outside the pale of the law. Therefore, we do not see how business, such as that of issuing tax receipts, can be done with these people who are entirely beyond the law's recognition. For more than 10 years this country did no business with Russia because there was no recognition of Russia. Later, there was first a recognition and then mutual business. But the recognition came first.

If Newport should sell occupation tax receipts to slot machine operator A and to bookmaker B at the very moment when Kentucky is denouncing both of them by statutes, that surely would be a case of Jacob's voice

and Esau's hand both engaging in the inconsistency of an official duplicity, albeit in the name of receiving a blessing in the form of great tax revenues. Undoubtedly, Newport needs to collect much tax to run her business, but we believe that this should be done by the method of striking upon the rock of her regular, *legal* resources to make the abundant streams of needed revenue gush forth.

While it would appear to be a great thing to collect taxes of $400,000 anually by the method incorporated in appellant's proposed ordinance, yet it must be remembered that it was written many years ago that man shall not live by bread alone. And so, we are now writing that a city shall not live by its tax revenue alone. If a city obtains part of its living expense from illicitness, then an insidious yearning for the welfare of such illicitness may eventually supersede normal desire on the part of city officials for regular law enforcement. Ordinarily, where a city's treasure is found there may its heart be found also. Pittsburgh's heart is in its steel industry, Detroit's in its automobile industry, Reno's in its divorce industry. Their treasures lie there. Their hearts do likewise. If Newport has no treasure in illicitness, then its heart should not tend to lie in that direction. In the age-old battle between dollars and decency, the latter must prevail in governmental attitude if ever the people are to see the golden age of a Pericles rather than the fiddling of a Nero amidst the burning embers of a decadent Rome.

We do not believe that the city officials of Newport had any legal right to pass this proposed ordinance for the reasons herein indicated. Therefore, according to our view, appellant's petition did not state a cause of action. Appellees' general demurrer should have been sustained, we think, to the petition in its entirety, but since the trial court's judgment did dismiss the petition as a whole, it is now proper for us to affirm such judgment because of its ultimate effect.

Judgment affirmed.