**CITY OF COVINGTON, Ky., Appellant,**

v.

**John REAGAN, et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 18, 1955.

Rodney S. Bryson, Ralph P. Rich, Covington, for appellant.

John E. Shepard, Covington, for appellees.

MOREMEN, Judge.

This appeal is from a judgment sustaining the validity of an ordinance initiated under KRS 89.160 which provides that in cities organized and governed under a commission form of government a sufficient group of voters may request the board of commissioners to ordain a specified ordinance. Upon presentation of the ordinance to the board it may either pass the proposed ordinance without alteration within ten days, or it may submit the question of its passage to the voters at the next regular election.

The commission elected to submit the ordinance to a plebiscite and it was approved by a substantial majority. The question placed on the ballot for the purpose of giving the people the right to reject or to approve it was comprehensive and described the ordinance in minute detail. Due to its length, we will not copy it here, but in brief it stated the ordinance was titled "Ordinance Fixing the Number of, and the Minimum Compensation and Working Hours of the Members of the Fire Department of the City of Covington," related that the ordinance had been rejected by the commissioners and said that the ordinance provided the Fire Department should have one chief whose salary would be not less than $5,000 per year.

After making this statement about the chief, it specifically stated the position of each officer and member of the Fire Department and set out the minimum salary to be paid to each one per year and included, at the bottom of the list, 36 privates who would receive a salary of not less than $3,506.40 per year. In other words, it set out specifically the minimum salaries to be paid in the Fire Department from the top to the bottom. It was further set out that the Fire Department of the City of Covington, under the ordinance, would be divided into three platoons, one of which should be on duty at a time, and each platoon should be on duty for 24 consecutive hours, except in cases of emergency, and provided that after a platoon had served its 24 hour detail, it would be allowed to remain off duty for 48 consecutive hours.

On this appeal, appellant complains that the scope and effect of the initiative ordinance was not sufficiently described because nothing appeared on the ballot to show how many officers and members of the Fire Department were employed as of election day and prior thereto or that the Department was operating on a two-platoon system or that it would be necessary if the ordinance was put into effect, to employ 22 additional men at an increased cost to the city.

Appellants rely upon In re Opinion of the Justices, 271 Mass. 582, 171 N.E. 294, 69 A.L.R. 388, to support the proposition that the referendum question must be complete enough to convey an intelligible idea of the scope and import of the proposed law and at the same time to be free from any misleading tendency, whether of amplification, of omission, or of fallacy. We think the question under consideration definitely submitted the scope and import of the proposed ordinance and had no misleading tendency we are able to discover.

McQuillan in his work on Municipal Corporations, Vol. 5, § 16.67 lays down the general rule that the matter submitted for a vote need not be stated on the ballot in haec verba, but must appear to indicate clearly the proposition submitted.

There could be no misunderstanding as to the proposition submitted here, but appellants, as indicated, believe that the referendum question should have gone further and positively stated that the ordinance would cost the citizens of Covington, in order to comply with its terms, an additional amount of money each year in excess of current expenditures.

Under our form of government, when citizens reclaim their inherent democratic right to govern themselves directly—which right they had theretofore delegated to a legislative body—they are charged with the same duty to recognize the consequences of their act as is any legislative body. Initiative ordinances are subject to the same constitutional controls as any other ordinances. Beierle v. City of Newport, 305 Ky. 477, 204 S.W.2d 806.

We doubt very much that, if this ordinance had been passed by the commissioners when first presented instead of being submitted to referendum, the city would be here complaining that the commissioners did not know or were not furnished information sufficient to advise them that the passage of this ordinance would entail the expenditure of additional money, whether appropriated under its current budget or not.

We find no error disclosed by this record and the judgment is therefore affirmed.