234 So.2d 564

**Dan R. HUDSON, as Chairman of the Personnel Board of Jefferson County, Alabama, et al.**

**v.**

**Billy GRAY et al.**

**6 Div. 666.**

Supreme Court of Alabama.

March 26, 1970.

Rehearing Denied May 15, 1970.

W. Gerald Stone, Bessemer, for appellants.

Wingo, Bibb, Foster & Conwell, Birmingham, for appellees.

McCALL, Justice.

The complainants are five firemen of the City of Birmingham who as such are subject to its civil service law, Vol. 14, Appx., §§ 645–672, Code of Alabama, 1940, Recompiled 1958, as amended. The relevant part of this statute, § 669, as amended, prohibits any employee in the classified service of the city from taking part in any *political campaign,* except privately to express his political opinion and to vote. "Provided that nothing in this section shall be construed so as to deny the right of a public servant to petition his city, county, state or national government."

The complainants who are the appellees, purpose to petition the city pursuant to, Tit. 62, § 636, Code of Alabama, 1940, to adopt an ordinance to reduce the on duty hours of firemen, except the chief of the department, to 40 hours each calendar week, with the exceptions applicable to emergencies, or, to call an election on the question of whether such ordinance should be adopted. The ordinance would become effective immediately on its enactment, but would not become operative for twelve months to allow time to organize and prepare for its operation. Section 636 requires that any proposed ordinance may be submitted to the city council by a petition signed by at least 5,000 qualified electors of the city with their places of residence given. The petition shall contain the proposed ordinance in full and have printed thereon the names and addresses of at least five electors who shall be officially regarded as filing the petition and shall constitute a committee of the petitioners for the purpose of circulating the petition to secure the signatures in compliance with § 636.

The director of the Civil Service Board promulgated a letter stating that the appellees' activity was political and warning them and other firemen that anyone who canvassed for signatures on the petition or circulated it, or caused it to be circulated, would forfeit his position. This action was affirmed by the Board.

Under the bill of complaint, filed by the appellees in the circuit court for a declaratory judgment, Tit. 7, § 156 et seq., Code of Alabama, 1940, as amended, the trial court held in favor of the complainants that their activity did not constitute taking part in a political campaign under the civil service law, § 669. The appellants, the members and the director of the Civil Service Board, have appealed from this final decree.

The bill presents justiciable issues between the parties under the Declaratory Judgment Act, Tit. 7, § 157, Code of Alabama, 1940, as amended, by seeking a declaration of the rights, status, or other legal relations between the parties under both of the statutes, § 669, the civil service law, and § 636, the initiative and referendum statute, and may be brought in equity. There was no error therefore in overruling the appellants' demurrer to the bill of complaint.

This appeal is submitted on a stipulation of facts contained in the record. The question presented is: Does serving as a committee under § 636, petitioning the city council to pass and adopt the proposed ordinance, or, if not, to call an election on the question constitute taking part in a political campaign?

The case of Hawkins v. City of Birmingham, 248 Ala. 692, 29 So.2d 281, holds that a similar municipal ordinance, fixing the hours of firemen, was properly the subject of the initiative and referendum statute applicable to Birmingham, Tit. 62, § 636, Code of Alabama, 1940. Substantial compliance with the provisions of this initiative statute is a condition precedent to submitting the petition to the city council

for official consideration. Birmingham Gas Co. v. City of Bessemer, 250 Ala. 137, 139, 33 So.2d 475; City of Covington v. Reagan (Ky.), 284 S.W.2d 323; Merryman v. Gorman (Ohio Com.Pl.), 117 N.E.2d 629; 62 C.J.S. Municipal Corporations § 455, p. 876; 42 Am.Jur.2d, Municipal Corporations, § 21, p. 671.

In Heidtman v. City of Shaker Heights, 163 Ohio St. 109, 126 N.E.2d 138, the question was whether city firemen were taking part in "politics" when they circulated parts of an initiative petition seeking enactment of an ordinance to establish the three platoon system in the fire department. The Ohio court held that the word "politics" as used in their civil service law meant dealing with political affairs in a party sense, and that circulating parts of the initiative petition did not constitute taking part in politics as that term is used in the civil service law. The court arrived at its conclusion on the premise that since the statute refers to the solicitation of funds for political parties or candidates as well as political organizations, the expression "take part in politics" was intended to cover only politics embraced in the party sense. The other reason was that prevalent politics had controlled the police and fire departments, and it was to prevent abuses and resulting evils in this field that the civil service law was passed, thus showing an intention to give the term politics the narrower meaning, which is consistent with the objective to be achieved by the civil service law.

In Hawkins v. City of Birmingham, 248 Ala. 692, 29 So.2d 281, this court held that it was appropriate to construe § 636 in pari materia with the civil service law applicable to Birmingham. This holding should be applied here and in so doing, the rules set forth in Birmingham Paper Co. v. Curry, 238 Ala. 138, 140, 190 So. 86, 88, will be useful also. There the court said:

"The Court in determining the Legislature's intention in construing statutes, in the establishment of uniformity in the law, and to give rational construction to doubtful meanings of words and phrases employed, may look to other provisions of the same act, consider its relation to other statutory and constitutional provisions, view its history and the purposes sought to be accomplished and look to the previous state of law and to the defects intended to be remedied. Storrs v. Heck, supra [238 Ala. 196, 190 So. 78]; Watson v. Clayton, 230 Ala. 59, 159 So. 481; Shepherd et al. v. Clements, 224 Ala. 1, 141 So. 255."

Keeping in mind that the initiative statute § 636 was enacted to afford the people of Birmingham the power, where appropriate, to compel the city·council to enact desired ordinances, or to have them submitted to a vote of the people, Geller v. Dallas Ry. Co. (Tex.Civ.App.), 245 S.W. 254, 257, and that the civil service law, § 669, as amended, was enacted to promote efficiency and economy in government and security in employment, Jordan v. City of Mobile, 260 Ala. 393, 71 So.2d 513; City of Birmingham v. Wilkinson, 239 Ala. 199, 206, 194 So. 548; Heck v. Hall, 238 Ala. 274, 190 So. 280; Yeilding v. State, 232 Ala. 292, 167 So. 580, the fullest application possible should be given both statutes, while avoiding any conflict. Waters v. City of Birmingham, 282 Ala. 104, 209 So.2d 388; Reid v. City of Birmingham, 274 Ala. 629, 150 So.2d 735; Patterson v. Jefferson County, 238 Ala. 442, 191 So. 681. In doing this, we think it compatible with the operation of both statutes to conclude that circulating and filing the petition as a condition precedent to engaging the power of initiative action is not to be construed as political activity or taking part in a political campaign under the civil service law, § 669, as amended, and that this statute was not intended to take away from those in the classified service, the right to petition effectively under the initiative statute in order to bring a matter on for consideration. We hold that the appellees are not thereby taking part in a political campaign.

■ Further § 669 was amended so that nothing therein shall be construed to deny the right of a public servant to petition his city. If to petition requires signatures, then the amendment gives the appellees the right to solicit the necessary number of signers. We interpret the amendment to mean that a public servant has the right to petition his city in a manner to comport with legal requirements so as to be heard.

■ Act No. 229, Acts of Ala., Regular Session 1967, p. 598, approved August 16, 1967, states that no person shall hold employment as a fireman who is a member of an organization of employees that asserts the right to strike against any municipality in the state. The constitution of the Birmingham Fire-fighters Association contains a no strike clause, as does the constitution of the Uniformed Firefighters Association of Alabama. The constitution and bylaws of the International Association of Firefighters contained a clause that no member or subordinate union of the association shall strike, but this clause was repealed in August 1968. We hold that repealing the no strike clause does not amount to an assertion of a right to strike against the municipality. The absence of a "no strike" clause, is not in itself an assertion of a right to strike.

The decision of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and BLOODWORTH, JJ., concur.