W. C. Townsend v. Holt County.

Filed June 5, 1894.    No. 4808.

Counties: Bridge Contracts: Bids. Under the provisions of section 83, chapter 78, Compiled Statutes, an increase of $500 from the contract price for the erection of a bridge cannot be enforced when such increase was contracted for without bids being required or made in respect thereto.

Error from the district court of Antelope county. Tried below before Kinkaid J.

*R. R. Dickson,* for plaintiff in error.

*E. W. Adams, contra.*

Ryan, C.

The petition in this case filed in the district court alleged that on February 14, 1890, the supervisors of the defendant appointed a committee to advertise, view site, let contract, and accept a certain described bridge to be erected across the Niobrara river; that notice that sealed bids would be received for the construction of the aforesaid bridge was duly published, and that a written contract for the construction of said bridge was duly entered into between defendant, by its proper officers, and plaintiff, who by the terms of said contract was required to construct the aforesaid bridge according to the plans and specifications referred to in said contract. It appears from the petition that the original contract price of $2,880 was paid. The plaintiff alleged in his petition, however, that prior to the execution of the aforesaid contract the committee appointed by the board of supervisors of Holt county consulted with plaintiff as to the advisibility of making the bridge higher and stronger than provided by said written contract, and of changing the plans and specifications accordingly, and the

plaintiff informed said committee that the changes suggested would involve the necessity of an expenditure of $500 in addition to what the bridge would cost if built pursuant to said plans and specifications, and that plaintiff would raise the bridge ten feet higher for said sum of $500; that afterward the chairman of said board of supervisors authorized plaintiff to make such change, as did also on the same day M. D. Long, another supervisor, and that subsequently and before said work was begun John Duncan, a member of the aforesaid committee and of said board of supervisors, also authorized the said departure from the aforesaid plans and specifications, and that afterwards plaintiff was authorized by a majority of the building committee to make the above mentioned changes. Plaintiff further alleged that the changes assented to as above were made by plaintiff, whereby the cost of building the bridge was increased $500 over and above the contract price, which sum the defendant had refused to pay. There was a prayer for judgment to the amount last named. To this petition there was filed a demurrer, for the reason that the petition did not state facts sufficient to constitute a cause of action. This demurrer was sustained, and thereupon the court dismissed plaintiff's action after due exceptions taken.

Section 83, chapter 78, Compiled Statutes, provides that "all contracts for the erection and reparation of bridges and approaches thereto, for the building of culverts and improvements on roads, the cost or expense of which shall exceed one hundred dollars, shall be let by the county commissioners to the lowest competent bidder," etc. The proposed variance from the plans and specification was at a cost of over one hundred dollars, so that, however classified, this should have been let to the lowest competent bidder. The petition shows that this was not done, and the demurrer to it was, therefore, properly sustained. The judgment of the district court is

AFFIRMED.