STATE ex rel MARTIN, et al, Appellants, v. EASTCOTT, City Auditor, Respondent.

(220 N. W. 613.)

(File No. 6569.   Opinion filed July 14, 1928.)

*Roscoe Satterlee*, of Mitchell, for Appellants.
*P. M. Young*, of Mitchell, for Respondent.

BROWN, J.   The city council of the city of Mitchell enacted an ordinance which was published on May 6, 1927, fixing the salaries of the city officers.   The ordinance increased the annual salary of the mayor from $300 to $900, of the aldermen from $200 to $360, of the city treasurer from $1,800 to $2,100, of the city engineer from $3,000 to $3,600, and of the chief of the city fire department from $100 to $1,800, and contained a declaration that the ordinance was "necessary for the immediate preservation of the public peace, health, and safety, and the support of the municipality and its existing public institutions" and should be in full force and effect from and after its passage, approval, and publication. Appellants presented to the city auditor a sufficient petition invoking the referendum as to such increases, and, the auditor refusing to call any election, appellants applied to the circuit court for a writ of mandamus.   'An alternative writ was issued, and on the

return day it was quashed on the motion of defendant, and this appeal is from the order quashing the alternative writ.

The application does not allege that appellants are taxpayers, and respondent contends that the paying of the salary increases could cause no injury to them, and therefore they are not entitled to maintain the proceeding. The contention is without merit. The statute provides that with certain exceptions an ordinance must be referred on a sufficient petition of qualified electors; the electors do not need to be taxpayers. One entitled to petition that an ordinance be referred has sufficient interest to enjoin action under the proposed ordinance, and is sufficiently aggrieved by the refusal to call the election to be entitled to appeal. State v. Seattle, 59 Wash. 68, 109 P. 309.

The contention that the members of the city council must be made parties to this proceeding is likewise untenable. The city auditor is the person to whom the petition must be presented and who is required by section 6254 to call the election. The argument that only the mayor and city council can appoint judges of election and designate the polling places is without force. If, pursuant to law, an election is called by the auditor, it must be presumed that the mayor and city council will obey the law and perform the duties required of them in the matter of designating judges and polling places and canvassing the result of the election.

Cases like Murphy v. Gilman (Iowa), 214 N. W. 679, in which distinction is made between acts of municipal bodies which are legislative in character and acts which are only administrative, and hold that only legislative acts are subject to the referendum, are of no aid in solving the question in this case because our statutes, which define an ordinance as "a permanent legislative act of the governing body of a municipal corporation within the limits of its powers," and a resolution as "any determination, decision or direction of the governing body of a municipal corporation, of a special or temporary character, for the purpose of initiating, effecting, or carrying out its administrative duties and functions under the laws and ordinances governing the municipality," provide that both ordinances and resolutions "except such as may be necessary for the immediate preservation of the public peace, health or safety, or support of the municipal government and its existing public institutions" are subject to the referendum. Code 1919, §§

6242-6254; State v. Summers, 33 S. D. 40, 144 N. W. 730, 50 L. R. A. (N. S.) 206, Ann. Cas. 1916B, 860.

We cannot agree with the contention of respondent that this ordinance was necessary for the immediate preservation of the public, peace, health, or safety. Nor do we think the ordinance was necessary for the support of the municipal government or its existing institutions. In State v. Davis, 41 S. D. 327, 170 N. W. 519, we held that a city ordinance fixing salaries of the mayor and aldermen of a city was subject to the referendum, and we see no reason to depart from the rule of that case. In State v. Taylor, 43 S. D. 264, 178 N. W. 985, we said that an act fixing the compensation of official court stenographers was an act for the support of the state government within the meaning and intent of a constitutional provision that laws necessary for "support of the state government and its existing public institutions" were not subject to the referendum. In this latter case the opinion cites State v. Meath, 84 Wash. 302, 147 P. 11, and State v. Clausen, 85 Wash. 260, 148 P. 28, Ann. Cas. 1916B, 810, and quotes from those cases that the word "support" includes appropriations for current expenses, maintenance, upkeep, and continuation of existing functions of the state, and our court concludes:

"It follows that enactments which provide or affect the compensation for existing public officers and employees are for the support of the state government, within the meaning and intent of the constitutional provision under discussion."

We think the opinion in State v. Taylor gives too broad an interpretation to the clause "for the support of the state government and its existing public institutions" and also to what is decided in the Washington cases cited. A reading of those cases shows that the Supreme Court of Washington held that appropriation bills only could be deemed acts for the support of the state government and its existing institutions. In State v. Meath the court says:

"The referendum cannot be withheld by the Legislature in any case except it be where the act touches the immediate preservation of the public peace, health, or safety, or the act is for the financial support of the government and the public institutions of the state, that is, appropriation bills."

This quotation is repeated and approved in State v.

Clausen. An act merely prescribing the salary of a public officer does not contribute in any degree to the support of the state or any of its existing institutions. Only an appropriation of money can furnish such support. The act prescribing a salary is as purely a legislative declaration as an act creating the office to which the salary is attached, and is not an appropriation of money. The Washington cases cited in State v. Taylor are not authority for the statement, in the opinion in that case, that enactments which affect the compensation of existing public officers are for the support of the government, and therefore exempt from the referendum, and that statement is now disaffirmed.

We think the decision of this court in State v. Davis, supra, is correct in holding that an ordinance fixing salaries of municipal officers is subject to the referendum, and, following the rule in that case, the order appealed from is reversed.

BURCH, P. J., and POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.