JOHN P. SHANAHAN, Plaintiff, v. HAWKEYE TRUCK COMPANY et al., Appellants; FRANK H. BOOTH, Intervener, Appellee.

No. 40146.

MARCH 18, 1930.

*Crary & Crary* and *H. A. Christiansen,* for appellants.

*F. H. Free* and *Gill & Gill,* for appellee.

DE GRAFF, J.—The questions involved on this appeal, on both the facts and the law, find easy solution. The facts are not in conflict.

The Hawkeye Truck Company is an Iowa corporation, domiciled at Sioux City, Iowa, and for a number of years was engaged in the manufacturing and sale of motor trucks. On April 2, 1927, and at all times material to this cause of action, one A. T. Bennett was president and general manager, and B. F. Muntifering was secretary of said Truck Company.

On January 23, 1928, an action was commenced in the district court of Iowa in and for Woodbury County, entitled John P. Shanahan et al. v. Hawkeye Truck Company et al., with the specific prayer for the appointment of a receiver for the Hawkeye Truck Company. A temporary receiver was appointed for said Truck Company, and during the pendency of said receivership, Frank H. Booth filed his petition of intervention. The defendant Truck Company was desirous to have its property and assets then in the hands of the receiver restored to its possession, and to have the receivership terminated. This was ordered done, but only on the condition, as ordered by the court, that a bond be filed by the Hawkeye Truck Company to secure the filed claim of the intervener, Frank H. Booth, against the Truck Company. In other words, the bond was to stand as the security for Booth, in lieu of the property and assets which formerly were in the receiver's hands, but to be released upon the filing of said bond. The bond was filed by the Hawkeye Truck Company, with William Jepson as surety, reciting that Frank H. Booth had filed his petition of intervention, claiming of the defendant Hawkeye Truck Company and James A. Baxter, its receiver, the sum of $1,400, and that the Hawkeye Truck Company disputes the said claim, but is about to apply for a discharge of the receiver, and, therefore, that:

"The Hawkeye Truck Company, a corporation, as principal, and William Jepson, as surety, are held and firmly bound unto the said Frank H. Booth in the penal sum of $2,000 to well and truly pay any judgment which may be secured by the said Frank H. Booth on his said claim of $1,400, including interest and costs."

Thereupon the intervener, Booth, amended his petition, and

prayed that he have personal judgment under the terms and conditions of the aforesaid bond.

A claim is made by the defendant-appellants that the intervener did not establish his ownership of his claim for $1,400. This issue, if sufficiently raised, is found in the answer, one paragraph of which contains a general denial of each and every allegation of the intervener's petition and amendment thereto except such as are therein expressly admitted. There can be no question on this proposition. The president and general manager, A. T. Bennett, was called by the intervener as a witness upon the trial of this cause. Bennett testified that he personally knew Booth; that, during the months of March and April, he collected the sum of $1,400 for Mr. Booth, which was the balance due on a mortgage note, known as the Schuler mortgage, in the sum of $2,000; that, prior to the collection of the said $1,400, on April 2, 1927, he had received the original mortgage and note from Frank H. Booth; that the original mortgage had been sold by the Bennett Loan & Trust Company in March, 1920; that the mortgage had been recorded; and that the record title of said mortgage (there being no written assignment thereof) was, at the time of this hearing, in the name of the Bennett Loan & Trust Company. It is further shown that said mortgage has been released, and the note surrendered, and that Bennett, as president and general manager of the Hawkeye Truck Company, had placed this $1,400 to the credit of the Hawkeye Truck Company, and the same was used by said company. The money was not repaid to anyone by said company. Booth had no notice or knowledge of this fact until after the credit had passed to the Truck Company. Clearly, the Hawkeye Truck Company is in no position to challenge the intervener Booth's right to recover on his claim, or on the bond given by said company to secure Booth on any sum he might establish against the Truck Company. Bennett, as a witness for the intervener, further testified that, at or immediately prior to the time he made the deposit of the $1,400 for the use and benefit of said Truck Company, of which he was president and general manager, he had a conversation with F. B. Muntifering, secretary of said company, with reference to the disposition of the draft which evidenced the $1,400. Bennett knew whose money this was, and testified, ''It belonged to Frank H. Booth,'' and that Booth at no time ever

authorized him to deposit this draft to the credit of the Hawk-eye Truck Company. Furthermore, Bennett testified that Booth was not indebted in any manner at that time to the Hawkeye Truck Company. It is quite apparent, under these facts, that the Hawkeye Truck Company did become liable to Booth by reason of the deposit of the $1,400, through its president and general manager, in the bank to the credit of the Hawkeye Truck Company account, and its use. It is also apparent that, when the bond in suit was filed for and on behalf of Booth, the Hawkeye Truck Company did receive back its assets then in the hands of the temporary receiver, and that the bond was given to make good any judgment the intervener was entitled to recover against the Truck Company and its surety, and that the bond stood in place of the assets and property which were released to the company.

The trial court made specific findings on the facts of this case, and these findings are fully supported by the record evidence. When the bond was filed, under the conditions heretofore stated, the intervener had the right to have judgment against the principal and surety. The Truck Company received the money and appropriated it to its own use, and under such conditions, the company became liable to the intervener. Bennett himself testified that, when he indorsed his name as agent on the draft which gave rise to the credit of $1,400 to his principal, the Hawkeye Truck Company, he was not acting as the agent of Frank H. Booth, and that, in signing the name "agent" upon his indorsement, after receiving the draft and depositing same as aforesaid, none of the money was paid back by the Truck Company, nor by anybody in its behalf, as the agent of Booth. The evidence shows that Bennett carried a personal account in the name of A. T. Bennett, Agent, for the only purpose, as testified by him, to protect his own private account against garnishment or attachment by creditors. Under the bond, the Truck Company and its surety, William Jepson, stand in lieu of the property and assets of the Hawkeye Truck Company, consequently the trial court was correct in substituting these parties, so far as liability to the intervener Booth is concerned. This finding is a recognition of the provisions of Sections 10354 to 10357, inclusive, Code, 1927. By the filing of the bond, the lien on the assets in question was transferred to the bond, and re-

covery may be had against the principal and surety on such bond. *Lewis v. Best-by-Test Garage*, 200 Iowa 1051.

The decree entered is—*Affirmed.*

MORLING, C. J., and STEVENS, ALBERT, and WAGNER, JJ., concur.