EULAS MAYZE v. TOWN OF FOREST CITY, EMPLOYER, AND U. S. CASUALTY COMPANY, INSURANCE CARRIER.

(Filed 10 October, 1934.)

**1. Master and Servant F i—**

The finding of the Industrial Commission that claimant is an employee of defendant employer is conclusive on appeal when supported by evidence.

**2. Master and Servant F a—Fact that city's employee is paid from funds obtained from Reconstruction Finance Corporation does not affect contract of employment.**

A worker employed by a city under a contract stipulating the wages to be received by the worker is an employee of the city within the meaning of the Compensation Act, and the fact that the city obtains the money to pay the wages from the Reconstruction Finance Corporation is immaterial on the question of the relationship between the worker and the city. N. C. Code, 8081 (i).

STACY, C. J., dissents.

APPEAL by plaintiff from *Finley, J.*, at April Term, 1934, of RUTHERFORD. Reversed.

This proceeding was begun before the North Carolina Industrial Commission for compensation under the provisions of the North Carolina Workmen's Compensation Act. Ch. 120, Public Laws of N. C., 1929; ch. 133 (a), N. C. Code of 1931.

On the facts found by the hearing commissioner, and approved on defendants' appeal by the full Commission, an award of compensation to be paid to plaintiff by the defendants was made. On defendants' appeal to the judge of the Superior Court, this award was reversed.

From the judgment reversing the award of the Industrial Commission, and dismissing the proceeding, the plaintiff appealed to the Supreme Court.

*Tom J. Moss and W. B. Matheny for plaintiff.*
*Ralph V. Kidd for defendants.*

CONNOR, J.   The defendants excepted to the finding by the Industrial Commission that plaintiff was an employee of the town of Forest City at the time he suffered an injury by accident, which arose out of and in the course of his employment, and contended that all the evidence showed that plaintiff was a relief worker, and not an employee of the town of Forest City at the time he was injured. This exception was sustained by the judge of the Superior Court. In this there was error. There was evidence at least in support of the finding by the Industrial Commission, and for that reason the finding is conclusive. *Bryson v. Lumber Co.,* 204 N. C., 665, 169 S. E., 276.

In *Jackson v. Relief Administration,* 206 N. C., 274, 173 S. E., 580, and in *Bell v. Raleigh,* 206 N. C., 275, 173 S. E., 581, all the evidence showed that at the time plaintiff in each case was injured he was working under an assignment by the Welfare Department of Wake County and not under a contract with the defendants, or with either of them. In the instant case the plaintiff was employed by the Superintendent of Water and Lights of the town of Forest City, at wages agreed upon by plaintiff and said superintendent. The fact that plaintiff's wages were paid out of funds procured by the town from the Reconstruction Finance Corporation was immaterial on the question involving the relationship between the plaintiff and the town of Forest City. Such relationship was established by contract between the plaintiff and the defendant town of Forest City, and for that reason was a relationship of employee and employer.

There was error in the judgment reversing the award of the Industrial Commission, and dismissing the proceeding. The judgment is
    Reversed.

STACY, C. J., dissents.