BERGSTRESSER, Respondent, v. CITY OF WILLOW LAKE, et al, Appellants.

(259 N. W. 276.)

(File No. 7745. Opinion filed March 6, 1935.)

*J. J. Fitzpatrick,* of Aberdeen, for Appellants.

*W. C. Brower,* of Clark, and *George C. Berry,* of Willow Lake, for Claimant and Respondent.

*Sterling H. Clark* of Clark, State's Attorney of Clark County, and *Tom Kirby* of Sioux Falls, for defendants and Respondents.

ROBERTS, J. This is an appeal from an award of the Industrial Commissioner in a proceeding brought by Katherine Bergstresser for compensation under the provisions of the Workmen's Compensation Law (Rev. Code 1919, § 9436 et seq., as amended). The Industrial Commissioner found that Wilson H. Bergstresser, husband of complainant, was an employee of the city of Willow Lake, and that his death was caused by an accident arising out of and in the course of his employment. Clark county and its insurer were joined as parties defendant, but finding that within the meaning and contemplation of the Compensation Law decedent was not an employee of Clark county, the Industrial Commissioner made the award for compensation against the city and its insurer. The circuit court sustained the award, and the cause is here on appeal by the city and its insurer from the judgment of the circuit court.

The stipulated and proved facts disclose that Bergstresser was fatally injured on February 21, 1933, while he was performing labor in a gravel pit. On and prior to that date there was in operation in this state a voluntary agency known as the State Relief Committee. Federal funds were allotted by this committee to the several counties of the state to be used in furnishing relief and relief work to needy and distressed persons. Applications for aid were made to boards of county commissioners, and if applicants were found worthy relief was granted in the manner and to the extent authorized by the state committee. Bergstresser, being unemployed and destitute, applied to the commissioners of Clark county for assistance, and, to provide him and his family with means of support, he was given work on a relief project. As a part of the program for unemployment relief in Clark county, streets in the city of Willow Lake were graveled. The work was performed under the supervision of W. F. Carff, who was mayor of defendant city. The work is described in the stipulation of facts as " 'created work' not required by the city needs, but to meet the emergency of unemployment." The hours of work were deter-

mined on the basis of the needs of each workman and his family. Decedent at the time of his injury was in the performance of work under the supervision of Carff and while he did not receive, and there was no agreement that he was to receive, wages from the city, he performed the work with the expectation of receiving payment from relief funds. This he received from funds disbursed directly by the State Relief Committee at the rate of 25 cents an hour. Checks received by him and other workmen on this project were indorsed and delivered to Carff to pay for groceries and supplies, if amounts therefor were owing.

Section 9490, Rev. Code 1919, gives the legislative definition of "employer," as used in the Compensation Law, as follows: "'Employer' shall include the state and any municipal corporation within the state or any political subdivision thereof, and any individual, firm, association or corporation, or the receiver or trustee of the same, or the legal representatives of a deceased employer, using the services of another for pay. If the employer is insured it shall include his insurer so far as applicable."

The paragraph defining employee in section 9490, Rev. Code 1919, was amended by chapter 253, Laws 1929, to read: "'Employee' shall include every person, including a minor, in the service of another under any contract of employment, expressed or implied, except one whose employment is not in the usual course of the trade, business, occupation or profession of the employer, but shall not include any official of the state or of any county, city, town, village, borough or school district therein who shall have been elected or appointed for a regular term of office or to complete the unexpired portion of any regular term; provided, however, that deputy sheriffs, constables, marshals, policemen and firemen shall be deemed employees within the meaning of this section. Any reference to an employee who has been injured shall, when the employee is dead, also include his legal representatives, dependents and other persons to whom compensation may be payable. * * *"

The existence of the relation of employer and employee, with certain statutory exceptions which we need not consider, is essential to recovery under the Workmen's Compensation Law. This relationship is contractual and must be created in every instance by a contract either express or implied. The precise question is whether

or not decedent was an employee of defendant city. We are not concerned on this appeal with the adjudication of the Industrial Commissioner that decedent was not an employee of defendant county.

■ Decedent at the time he was fatally injured was working under an assignment of relief agencies and not under a contract either express or implied with the city. Though he performed labor which benefited the city, it was not rendered at the request of or with the expectation of pay from the city. A contract of hire did not exist. Recent decisions in other states arising under Compensation Acts are to the same effect. Valvida v. Grand Rapids, 264 Mich. 204, 249 N. W. 826, 88 A. L. R. 707; Village of West Milwaukee v. Indus. Comm. (Wis.) 255 N. W. 728; McBurney v. Industrial Comm., 220 Cal. 124, 30 P. (2d) 414; Basham v. County Court (W. Va.) 171 S. E. 893; Jackson v. North Carolina Administration, 206 N. C. 274, 173 S. E. 580; In re Moore, 97 Ind. App. 492, 187 N. E. 219; Schmuser v. Copelin (Ind. App.) 192 N. E. 123; see also Stiles v. Des Moines Council Boy Scouts of America, 209 Iowa, 1235, 229 N. W. 841; Dillon v. Trustees, 234 N. Y. 225, 137 N. E. 311; Zoulalian v. N. E. Sanatorium, 230 Mass. 102, 119 N. E. 686, L. R. A. 1918F, 185; McLaughlin v. Antrim County Rd. Comm., 266 Mich. 73, 253 N. W. 221; Murray County v. Hood, 163 Okl. 167, 21 P. (2d) 754; Thurston County Chapter v. Dept. of Labor, 166 Wash. 488, 7 P. (2d) 577; Reavey v. Guild of St. Agnes, 284 Mass. 300, 187 N. E. 557; Mayze v. Town of Forest City, 207 N. C. 168, 176 S. E. 270; State v. Nev. Indus. Comm. (Nev.) 34 P. (2d) 408.

The judgment appealed from is reversed, with directions to dismiss the proceedings. No costs will be taxed.

All the Judges concur.