## SOUTH DAKOTA EMPLOYERS PROTECTIVE ASS'N, Appellant, v. CODINGTON COUNTY, Respondent

(298 N. W. 674.)

(File No. 8419. Opinion filed June 12, 1941.) Rehearing Denied July 16, 1941.

**Caldwell & Burns,** of Sioux Falls, for Appellant.
**Alan L. Austin** and **Perry F. Loucks,** both of Watertown, for Respondent.

RUDOLPH, J. This case is a sequel to the case of South Dakota Employers Protective Association et al. v. Poage, 65 S. D. 198, 272 N. W. 806. Subsequent to the decision in the Poage case there was enacted Chapter 28, Laws of 1939, .as follows: "All proceedings taken and all contracts heretofore made by the several Boards of County Commissioners of the several counties of the State with the Federal Relief Agencies established pursuant to the Federal Emergency Relief Act, and Emergency Relief Appropriation Act of 1936, be and the same are, hereby legalized. That all warrants issued pursuant to such proceedings and contracts made

with said Federal Relief Agencies and all official acts of the several county officers pertaining thereto, are hereby legalized, notwithstanding the absence of power or authority, or otherwise to perform said acts."

Following this enactment the South Dakota Employers Protective Association started this action against Codington County based upon the same claim represented by the two warrants involved in the Poage case. Codington County answered denying liability and counterclaimed for the premiums it had paid prior to the premiums represented by the two warrants. The trial court entered judgment, dismissed plaintiff's complaint, and allowed defendant judgment on its counterclaim. The plaintiff has appealed.

Appellant contends that the curative act of the 1939 legislature retroactively vested in Codington County the power to enter into the contract with the United States, which is referred to in the Poage case as Exhibit A, that validity was thereby given to the policy of Workmen's Compensation Insurance, and it follows that Codington County is now liable for the premiums on this purported insurance contract.

The policy issued is a regular policy of Workmen's Compensation Insurance wherein "it is agreed that all of the provisions of the said South Dakota Workmen's Compensation Law [SDC 64.0101 et seq.] shall be and remain a part of this contract", and throughout the policy its terms are limited so that it has application only to "persons regularly employed by this employer." It appears that the county did make an application to the plaintiff that the policy be extended "to include coverage for relief employees." In response to this application there was attached a schedule to the policy wherein certain work locations were set forth together with the type of work to be performed at these locations. The work is described as street or road construction, concrete construction, policemen, clerical office employees, asylum attendants, building operation and maintenance, county employees not engaged in manual labor or clerical office duties, and attached thereto was a special coverage endorsement, as follows:

"It is hereby understood and agreed that if during the term of this endorsement, the assured shall do any work at the location or locations specifically described in the Schedule of the policy to which this endorsement is attached, not included in said Schedule, then, unless such work be eliminated from coverage by specific provision of the policy or by endorsement, the said policy shall be extended to cover such work; and the assured agrees, in consideration of this endorsement to keep separate, and report the payroll expended in all such work and pay a premium on the same, calculated at the rate or rates named in the Company's Manual of Rates in force at the date of this policy in the state in which the work is done; but nothing herein contained shall be construed as extending coverage to any locations other than those specifically described in the Schedule aforesaid.

"Nothing herein contained shall vary, alter, amend or change the policy as originally written, other than expressly stated above."

██ We are convinced that this policy of insurance even when considered with the riders attached thereto, is nothing other than a policy of Workmen's Compensation Insurance, and that the case of Bergstresser v. City of Willow Lake, 63 S. D. 386, 259 N. W. 276, is applicable. This case held that relation of employer and employee which is contractual and which must be created by contract, express or implied, is essential to recovery under the Workmen's Compensation Law, and that a worker paid by federal funds was not an employee of the city even though the work that this worker was doing benefited the city. Under this present record it stands undisputed that the workers upon which the premiums here involved are based, stood in the same relationship to Codington County as did Bergstresser to the city of Willow Lake. We think there is nothing in the special coverage endorsement, above referred to, to except this case from the holding in the Willow Lake case. Throughout the schedule to which this endorsement is attached, the work therein referred to is to be performed by

"employees", and the policy was issued under the specific agreement that "all of the provisions of the South Dakota Workmen's Compensation Law shall be and remain a part of the contract." We conclude that prior to the 1939 act there was no liability upon the county to these relief workers under the Workmen's Compensation Laws, and that the policy of insurance purported to insure only such liability.

 We consider now the 1939 act and the agreement of the Government which is referred to in the Poage case as Exhibit A. Conceding that the 1939 act is sufficient to grant to the county retroactively the power to enter into the agreement with the Government, which power under the decision in the Poage case was lacking prior to this enactment, nevertheless, there remains the fact that, even with this power, the county did not incur any liability under the Workmen's Compensation Act to relief workers, and it is only liability under the Workmen's Compensation Act that the policy of insurance protects. The agreement with the Government as validated by the 1939 act did not change the relationship existing between these workers and the county, nor make these relief workers employees of the county. No liability under the Workmen's Compensation Law was imposed upon the county by the agreement. Such liability is imposed by statute and not by agreement. Unless this court can determine that the 1939 act retroactively imposed a liability upon the defendant to relief workers under the Workmen's Compensation Laws, and that this liability was insured against under the contract of insurance, we are of the opinion that the 1939 act can be of no aid to the plaintiff in this action. As stated above, we are of the opinion that neither the agreement nor the legislative enactment changed the relationship existing between these workers and the county, nor imposed any liability upon the county under the Workmen's Compensation Laws. It is only liability under the Workmen's Compensation Laws that the policy insured against. Therefore, to hold that the legislature by virtue of the 1939 act retroactively obligated the plaintiff to relief workers under the policy of insurance, this court would have to hold that the legislature did something more than

validate such policy. The policy was not invalid. On its face and by its terms it did insure employees of Codington County within the meaning of the Workmen's Compensation Law. To hold that this 1939 act placed a liability upon the plaintiff which did not exist before this enactment, we would have to construe this act as creating a liability where none existed. We are satisfied that the legislature, even if it so intended by this act, cannot reach back to the inception of this policy of insurance and place a liability upon the plaintiff which did not theretofore exist under the terms of the policy. Any such attempt would not be curative in its nature, but would simply be an attempt to create a contract where none existed, and a contract which the parties had never made. Clearly the legislature is without any such power.

The facts here presented distinguish this case from cases which generally hold that the legislature has power to validate contracts which municipal corporations have attempted to make but which are invalid for lack of power. Such is the case of Steele County v. Erskine et al., 8 Cir., 98 F. 215, and other cases cited by appellant. In this case we may concede the power and validate all contracts involved, still there is no contract of these parties which imposes any liability either upon the plaintiff or defendant to relief workers under the Workmen's Compensation Laws of this state, and it is only liability under the Workmen's Compensation Law that is insured against. We do not believe that it was within the contemplation of the legislature that the plaintiff should be compensated on the basis that it had insured the county against liability to relief workers under the Workmen's Compensation Law, such liability being non-existent and not within the terms of the insurance contract.

This court in the case of Campbell County v. Overby, 20 S. D. 640, 108 N. W. 247, 248, held that "A county board has no power to audit and allow accounts on their face not legally chargeable to the county, and if it does so, it acts in excess of its jurisdiction, and its action will create no legal liability on the part of the county", and further held in accordance with this rule that "if an illegal charge has

been paid in consequence of an improper allowance an action lies at the suit of the county to recover back the money paid." We are of the opinion that under this rule the trial court correctly entered judgment in favor of the defendant on its counterclaim.

The judgment appealed from is affirmed.

All the Judges concur.