SEIM, Respondent, v. INDEPENDENT DISTRICT OF MONROE, (ROBINSON, Intervener, Appellant)

(17 N. W.2d 342.)

(File No. 8663.   Opinion filed January 27, 1945.)

**Henry C. Mundt,** of Sioux Falls, and **Alan Bogue,** of Vermillion, for Intervener and Appellant.

**Bailey, Voorhees, Woods & Fuller,** of Sioux Falls, for Plaintiff and Respondent.

ROBERTS, J.   Plaintiff brought this action against the Independent School District of Monroe to recover the contract price for labor and materials furnished to the district. A resident and taxpayer of the district intervened contending that the contract let without competitive bidding was void and that if the district incurred a liability it necessitated a higher levy on the taxable property of the school district than that provided by law.   The trial court concluded that the complaint in intervention should be dismissed and that plaintiff was entitled to recover judgment for $920.27 together with interest.   From the judgment entered, intervener has appealed.

Plaintiff, in a response to a published notice to bidders, submitted a bid for the construction of a school house accord-

ing to plans and specifications on file in the office of the clerk of the board of education of defendant district. The specifications called for bids upon the basis of a base bid and three alternates. Contractors were instructed as alternate one to "give the amount to be deducted from the base bid if the stage is omitted and the gymnasium is constructed as per alternate design on the plans." Plaintiff was the lowest qualified bidder on the basis of the selection of this alternate and intervener makes no complaint as to the awarding of the contract. Plaintiff agreed to furnish all materials and perform all labor incident to the construction of the building for the sum of $33,975, this being the difference between the base bid of $36,700 and the alternate number one deduction of $2,725. The specifications referred to and made a part of the contract provided as follows: "The Owner, upon proper action by its governing body, may authorize changes in the work to be performed or the materials to be furnished pursuant to the provisions of the contract. Adjustments, if any, in the amounts to be paid to the contractor by reason of any such change shall be determined by one or more of the following methods: (a) By unit prices contained in the contractor's original bid and incorporated in the construction contract; (b) By supplemental schedule of prices contained in the contractor's original bid and incorporated in the construction contract; (c) By an acceptable lump sum proposal from the contractor; (d) On a cost-plus-limited basis not to exceed a specified limit (defined as the cost of labor, materials and insurance plus a specified percentage of the cost of such labor, materials and insurance; provided the specified percentage does not exceed 15 per cent of the aggregate of the cost of such labor, materials and insurance and shall in no event exceed a specified limit.)"

The board of education before the school house was completed concluded to construct a stage opening. The board did not advertise for bids and no competitive bids for the stage opening were received by the board. A bid submitted by plaintiff was formally accepted by the board, as evidenced by its minutes: "A proposal was received by Andrew Seim, general contractor on the Monroe School Building, wherein he submitted a cost of $1761.00 for the

construction work necessary to provide for stage opening. A communication was received from Perkins & McWayne, architects, wherein they recommended that the proposal of Andrew Seim in the amount of $1761.00 be accepted. A motion was made * * * and seconded * * * that the proposal of Andrew Seim be accepted. * * * Motion carried."

The Federal Emergency Administration of Public Works paid a portion of the contract price for constructing the stage opening and plaintiff brought this action claiming an unpaid balance of $840 and an additional amount of $80.97 for incidental changes in the work performed and materials furnished.

SDC 15.2024 specifically provides that "no contract involving the expenditure of more than five hundred dollars for the purpose of erecting any public building or making any improvements shall be made except upon sealed proposals and to the lowest responsible bidder." SDC 15.2106 requires an advertisement for proposals to do the work in accordance with plans and specifications furnished by the board and further provides that "If any of the proposals shall be reasonable and satisfactory, the board shall award the contract to the lowest responsible bidder, but in case all the proposals shall be rejected, the board before contracting for the construction of such building or improvement, shall advertise anew in the same manner as before and until a reasonable and satisfactory bid shall be submitted."

■ ■ It is well settled that when by statute the mode and manner in which contracts of a school district or other local subdivision may be entered into is limited and any other manner of entering into a contract or obligation is expressly or impliedly forbidden a contract not made in compliance therewith is invalid and cannot ordinarily be ratified. The rule as to competitive bidding is stated in 3 McQuillin on Municipal Corporations, 2d. Ed., § 1287, as follows: "The requirement of competitive bidding in the letting of municipal contracts is uniformly construed as mandatory and jurisdictional and nonobservance will render the contract void and unenforcible." See also Zottman v. City and County of San Francisco, 20 Cal. 96, 81 Am. Dec. 96; Johnson County

Sav. Bank v. Creston, 212 Iowa 929, 231 N. W. 705, 237 N. W. 507, 84 A. L. R. 926; Knights of the Iron Horse v. City of Detroit, 300 Mich. 467, 2 N. W.2d .466; Randolph McNutt Co. v. Eckert, 257 N. Y. 100, 177 N. E. 386; Tobin v. Sundance, 45 Wyo. 219, 17 P.2d 666, 84 A. L. R. 902; Twohy Bros. Co. v. Ochoco Irr. Dist., 108 Ore. 1, 210 P. 873, 216 P. 189.

■ This court in Livingston v School Dist. No. 7, 11 S. D. 150, 76 N. W. 301, expressed the view that the obligation to do justice rests upon all persons, natural and artificial, and that the purchaser of an invalid bond the proceeds of which were used to construct a school house was entitled to recover on a quantum meruit. Conceding the existence and justice of such a rule, it is without application where the contract is in violation of the express mandatory provisions of a statute. Where a contract is made contrary to a fixed public policy, there can be no implied promise to pay for labor and materials furnished. Norbeck & Nicholson Co. v. State, 32 S. D. 189, 142 N. W. 847, Ann. Cas. 1916A, 229; see also numerous cases cited in annotations in 84 A. L. R. 937 and 110 A. L. R. 153. The distinction appears from a discussion contained in Miller v. McKinnon, 20 Cal.2d 83, 124 P.2d 34, 39, 140 A. L. R. 570:

"Undoubtedly a school board, like a municipal corporation, may, under some circumstances, be held liable upon an implied contract for benefits received by it, but this rule of implied liability is applied only in those cases where the board or municipality is given the general power to contract with reference to a subject-matter, and the express contract which it has assumed to enter into in pursuance of this general power is rendered invalid for some mere irregularity or some invalidity in the execution thereof, and where the form or manner of entering into a contract is not violative of any statutory restriction upon the general power of the governing body to contract nor violative of public policy. In the absence of such restriction on the mode or manner of contracting, the same general rule applies to such inferior political bodies as to individuals, and the former will be held responsible on an implied contract for the payment of benefits it receives under an illegal express contract not prohibited by law. * * * But, while the doctrine of implied

liability applies where general power to contract on a subject exists and the form or manner of doing so is not expressly provided by charter or statute, the decided weight of authority is to the effect that, when by statute the power of the board or municipality to make a contract is limited to a certain prescribed method of doing so, and any other method of doing it is expressly or impliedly prohibited, no implied liability can arise for benefits received under a contract made in violation of the particularly prescribed statutory mode. Under such circumstances the express contract attempted to be made is not invalid merely by reason of some irregularity or some invalidity in the exercise of a general power to contract, but the contract is void because the statute prescribes the only method in which a valid contract can be made, and the adoption of the prescribed mode is a jurisdictional prerequisite to the exercise of the power to contract at all, and can be exercised in no other manner so as to incur any liability on the part of the municipality. Where the statute prescribes the only mode by which the power to contract shall be exercised, the mode is the measure of the power. A contract made otherwise than as so prescribed is not binding or obligatory as a contract, and the doctrine of implied liability has no application in such cases."

The measure of the liability of defendant school district must therefore be sought in the terms of the original contract. Plaintiff seeks to sustain the validity of his claim upon the theory that he came within the terms of such contract. The right as we have stated was reserved in the board of education to "authorize changes in the work to be performed or the materials to be furnished pursuant to the provisions of the contract." Such provisions are not unusual in construction contracts with school districts and other local subdivisions. Ward v. City of DeSmet, 50 S. D. 168, 208 N. W. 770. They may permit changes incidental to the complete execution of the work described in the contract, but cannot authorize supplemental contracts for distinct and independent work. Ely v. City of Grand Rapids, 84 Mich. 336, 47 N. W. 447; County of Cook v. Harms, 108 Ill. 151; Townsend v. Holt County, 40 Neb. 852, 59 N. W. 381; Mueller v. Eau Claire County, 108 Wis. 304, 84 N. W. 430; Merchants'

Nat'l Bank of San Francisco v Weston, 34 Cal. App. 693, 168 P. 587; Morse v. City of Boston, 253 Mass. 247, 148 N. E. 813; 43 Am. Jur., Public Works and Contracts, § 120; Lassiter & Co. v. Taylor, 99 Fla. 819, 128 So. 14, 69 A. L. R. 697; Michigan City v. Witter, 218 Ind. 562, 34 N. E.2d 132, 135 A. L. R. 1265.

In Ely v. City of Grand Rapids, supra, the bid and contract was for street paving. The contract reserved the right in the city to make alterations. Upon discovery that the contract did not include the item of paving the gutters, the city council accepted the proposal of the contractor to do the additional work. The court in denying recovery said [84 Mich. 336, 47 N. W. 448]:

"It is true that the paving of the gutters was within the scope of the improvement, but this did not confer upon the defendant the right to dispense with the charter requirement for competitive bids. * * * The changes covered by the above section of the charter, in so far as they can be held to authorize any change in the contract, are limited to the work provided for in that instrument. They cannot include distinct work not therein mentioned nor contracted for. It is of no consequence that a part of the public improvement is omitted from the estimate and contract by mistake. The result is the same as if it were intentionally done. This work of paving the gutters was entirely outside the contract. The private contract for the performance of the same was without authority and void."

In discussing provisions of the character under consideration, the court in Cook County v. Harms, supra, said:

"We think any material departure from the plans and specifications with reference to which the contract was made, which resulted in a new and substantially different undertaking, can not be regarded as within the meaning of this language. We think it was only intended to describe and provide against those ordinary and comparatively unimportant departures from the details in the plans and specifications which, during the progress of the work, might become necessary, or at least convenient, to effectually complete the work as it is contemplated by the plans and specifications

it should be completed, and which could not, at the date of making the contract, have been certainly anticipated, and therefore provided against."

The specifications in the present case called for alternate proposals. The contract was awarded to respondent for the amount of his base bid less the alternate deduction of $2725. The contention that the work for which claim is made was performed under the terms of the original contract cannot be sustained. The construction of the stage opening was a portion of the work definitely eliminated from such contract and was distinct work not contracted for. The work was performed under a contract not awarded as the result of competitive bidding. The good faith of the contracting parties and the inconvenience that possibly would have arisen from awarding the work to another contractor did not warrant a departure from the requirements of the statute. Morse v. City of Boston, supra.

The judgment appealed from is reversed.

Smith, P. J., and POLLEY and SICKEL, JJ., concur.

RUDOLPH, J., dissents.